BRIDGET SWEENEY *et al.*

*v.*

JOSEPH KAUFMANN.

*Opinion filed November 1, 1897.*

1. PLEADING—*answering over waives error in overruling general demurrer.* One answering the complainant's bill after his general demurrer thereto has been overruled thereby waives his right to assign such overruling as error.

2. PRACTICE—*default in part payment of note—what sufficient declaration that whole amount is due.* Under an agreement extending time of payment of a note secured by mortgage, which provides that on default in a certain payment the whole amount of the note shall be due, the filing of a bill to foreclose upon default in such payment is a sufficient declaration that the whole amount is due.

3. MASTERS IN CHANCERY—*master may require proof to be closed in vacation.* A master may, on notice, cause proof to be taken within a specified time, and in the absence of a rule of court to the contrary he may require such proof to be closed when the court is not in session.

*Sweeney* v. *Kaufmann,* 64 Ill. App. 151, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ALLAN C. STORY, and FRED W. STORY, for appellants.

ROSENTHAL, KURZ & HIRSCHL, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Robert Neill and Louis H. Mahnke made their note, payable to themselves, for the sum of $2250, with interest thereon at the rate of seven per cent per annum after maturity, which was secured by a deed of trust made to Simon Strauss. The note was endorsed by the makers and payees and transferred to appellee. The appellant Bridget Sweeney purchased the mortgaged premises,

and John Sweeney sought to have the time of payment extended by a written agreement indorsed on the note, which provided for $250 to be paid in six months and $2000 in one year, each with seven per cent interest per annum, but in case of default in the payment of interest or principal the whole amount of both payments was to become due. The deed of trust provided for a solicitor's fee of $200 in case of foreclosure. John Sweeney defaulted in the payment of the $250, with interest, and appellee declared the whole amount due, and filed his bill to foreclose and for the solicitor's fee, as specified. A decree was entered in accordance with the prayer of the bill, which was affirmed on appeal to the Appellate Court for the First District, and this appeal is prosecuted.

Appellants contend that at the time of filing the bill the principal sum was not due. At the time the agreement signed by John Sweeney was endorsed on the note the principal note was due, and by the agreement so endorsed $250 was due in six months and $2000 was to be due in one year from June 16, 1894. The time the $250 was due was explicitly declared, and when default was made in that payment the whole amount became due by the terms of the agreement. The agreement was with reference to the note secured by the mortgage, and the filing of the bill to foreclose for the whole sum was a sufficient declaration of the option of declaring the whole sum due.

The appellants answered over after their general demurrer to the bill was overruled, and thereby waived their right to assign error in overruling the demurrer. *Gleason & Bailey Manf. Co.* v. *Hoffman,* (*ante,* p. 25,) and the authorities cited.

The objection that the amount allowed as solicitor's fees is excessive is not well taken, as the amount was fixed and agreed upon in the mortgage.

Neither is appellants' contention that the master could not take proof and report his findings during vacation well taken. When a cause is referred to a master to take

proof he may give notice and require proof to be taken by a specified time, and, in the absence of a rule of court to that effect, the fact that the court is not in session does not limit his right to require such proof to be closed by a time specified.

Under the facts in this record the decree was properly entered, and it was not error to affirm the same. The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*