(No. 36655.—

CITY OF CHICAGO IN TRUST FOR THE USE OF SCHOOLS, Appellee, *vs.* GAUTHER L. HAMLIN *et al.*—(AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, Appellant.)

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

HOFFMAN & DAVIS, and CROWLEY, SPRECHER, BARRETT & KARABA, both of Chicago, for appellant.

FRANK R. SCHNEBERGER and FRANK S. RIGHEIMER, both of Chicago, (RICHARD E. GIRARD, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On July 14, 1960, the city of Chicago, in trust for the use of schools, filed its eminent domain petition to acquire twenty parcels of land to be used by the Board of Education of the city for school purposes. The parcel here involved was owned by the defendant, American National Bank and Trust Company, as trustee. On August 26, 1960, the building on the defendant's property was substantially damaged by fire, and on October 31, 1960, on the condemnor's motion, the defendant's parcel was dismissed from the action without prejudice. Thereafter, on November 29, 1960, the defendant filed a motion to vacate the order of dismissal, alleging that the condemnor intended to file a new petition so that the value of the property would be determined as of a date after, rather than before, the fire. This motion was granted, and the case was set for trial on January 31, 1961.

On January 24, 1961, the petitioner moved for the entry of an order fixing August 27, 1960, instead of July 14, 1960, as the date with respect to which the value of the defendant's property should be determined. This motion was denied and the case was reset for trial on February 15, 1961.

When the case was called on that date, the defendant requested a change of venue on the basis that the trial judge was prejudiced against it. This motion was denied and the case proceeded to trial before a jury which returned a verdict fixing the value of the defendant's land at $6,775.

Judgment was entered on the verdict, and the defendant appeals.

The point which the defendant urges most strongly in seeking to reverse the judgment is that it was error to deny the requested change of venue. It is of course true that the statutory provisions with respect to change of venue are to be liberally construed. (*People* v. *Scott,* 326 Ill. 327.) But it is also true that a petition for a change of venue is to be offered at the earliest practical moment, (*Comrs. of Drainage Dist.* v. *Goembel,* 383 Ill. 323,) and that a petition comes too late when it is presented after the judge has ruled on "a substantive issue in the cause." (*People* v. *Chambers,* 9 Ill.2d 83; *People* v. *Wilfong,* 17 Ill.2d 373.) In the present case no substantive determination was of greater significance than that which fixed the date with respect to which the value of the property was to be determined, and a petition filed by either party, after that ruling had been made, came too late. It is therefore unnecessary to consider the alternative contentions of the condemnor that the motion for a change of venue was technically inadequate and that it was properly denied because it was sought only for delay.

The defendant next contends that the trial court erred in excluding evidence of two offers that the condemnor made to purchase the property. The first of these offers, $18,500, was made before the action was commenced; the second offer, $8,000, was made after the fire. Both appear to have been made in compliance with the requirement of the Eminent Domain Act (Ill. Rev. Stat. 1959, chap. 47, par. 2) and it is established that such offers are not admissible as evidence of the value of the property. *City of Chicago* v. *Harrison-Halsted Building Corp.* 11 Ill.2d 431; *City of Waukegan* v. *Stanczak,* 6 Ill.2d 594, 607.

Finally, the defendant argues that it was error to admit evidence that its beneficiary had purchased the property in question for $5000 eight months prior to the filing of the

petition in this case. The record indicates that this sale was made by a seller who was willing, but not compelled, to sell. It shows that the former owner desired to move to California and that he contacted the prospective purchaser several times over a six-month period, but it also shows that the property had been advertised in newspapers and listed with brokers for many months. It does not appear that the sale was attended by such elements of stress or urgency as would indicate that the price paid did not reflect the fair cash value of the property.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*