107 N.J. Super. 29 (1969)
256 A.2d 726
THOMAS J. POWELL, SR., ETC., PLAINTIFFS-RESPONDENTS,
v.
GENERAL MOTORS CORPORATION, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted August 22, 1969.
Decided September 12, 1969.
*30 Before Judges CONFORD, LEWIS and LEONARD.
Messrs. Carpenter, Bennett & Morrissey and Wilentz, Goldman & Spitzer, attorneys for movants-defendants.
Messrs. Seaman and Clark, attorneys for plaintiffs-respondents.
*31 PER CURIAM.
This is a motion for leave to appeal from the denial of a motion to try separately the issues of liability and damages in a consolidated action involving four original suits. Pursuant to advance notice to the parties appearing on the motion that we might adopt this course, we are, in the interests of expedition, granting leave to appeal, considering the merits of the appeal, and reversing.
The several suits arise out of an automobile accident in which one vehicle struck another in the rear while the first car was allegedly drag-racing with a third vehicle. The following suits evolved: (1) by the estate of the deceased passenger in the first car against all three drivers. All defendants cross-claim against each other and one seeks indemnity against the others; (2) by the passenger in the second car against all three drivers and the owner of the first car. Here, again, there are cross-claims and a claim for indemnity by one of the drivers; (3) by the driver of the first car against the driver of the second car. The defendant brings a third-party action therein against the driver of the third car; (4) by the driver of the second car against the manufacturer and retailer of that car, for defects in the car, and consequent breach of warranty and strict liability in tort, as well as against the drivers of the first and third cars. In this action, all defendants assert cross-claims for contribution against each other, and the defendant manufacturer seeks indemnity against its co-defendants.
At the pretrial conference in this matter defendant manufacturer and retailer in the fourth action moved, pursuant to R.R. 4:43-2 (b), for separate trials with respect to liability and damages. After argument by many counsel in which there was no reference to a memorandum respecting "split" trials on liability and damages, issued March 4, 1966 by the Administrative Director of the Courts at the request of the Supreme Court, the motion was denied. The judge stated: "* * * personally in my experience I don't like the idea of splitting up a case. It leads to too many complications. I favor the idea of going right through this case as to liability and damages. * * *"
*32 Defendants promptly moved for reconsideration, calling the judge's attention to the memorandum aforesaid which reads, in pertinent part:
 MEMORANDUM TO: ASSIGNMENT JUDGES
 RE: Ways and Means of Expediting the Calendars
1. Separate Trials of Liability and Damages: The Supreme Court desires that pursuant to Rule 4:43-2 the issue of liability be tried separately in all cases in which there are 3 or more parties with separate interests contesting liability. The Court likewise wants to encourage judges to utilize the rule and try the issue of liability first in any other cases where they feel it may expedite the disposition of the case. (emphasis in memorandum)
After another oral hearing, the judge again denied the motion. Referring to the memorandum, he said: "Yes, I'm familiar with the March 4, 1966 ruling from the Administrative Office. I gave you my impression. I don't think it works. I think the Supreme Court knows it because if they thought it worked, they would have made it a rule in '68 and '69."
The memorandum in question has never been abrogated by the Supreme Court, and the Administrative Office of the Courts advises us it is still in effect.
We think the trial judge either erred or exercised his discretion mistakenly in denying the motion.
R.R. 4:43-2 (b) reads:
Whenever multiple parties, issues or claims are presented in individual or consolidated actions and the nature of the action or actions is such that, in the judgment of the court, a jury trial of all issues as to liability and damages would be complex and confusing, or whenever the court shall find that a substantial saving of time would result from trial of the issue of liability in the first instance, an order may, in an appropriate case, be entered on the court's own motion or on motion of a party limiting the trial in the first instance to the issue of liability alone.
The rule is substantially readopted as R. 4:38-2 (b) effective September 8, 1969.
*33 The remarks of the trial judge evince: (a) he has a fixed opinion that "split trials" are generally of no value; (b) he believes the policy memorandum of the Supreme Court no longer represents the views of that tribunal. We think (a) is irrelevant to the proper exercise of the discretionary function enjoined by the practice rule and that (b) is a mistaken assumption.
The practice rule contemplates, on its face, a bona-fide consideration by the judge as to whether the facts and circumstances of the particular case meet the stated criteria for a separate trial of liability. The judge did not make that analysis here but instead applied his previously formed personal opinion against use of the rule.
Further, there is no basis for the assumption that the 1966 memorandum is no longer operative. Inquiry of the Administrative Office of the Courts would have clarified the matter. The fact that the memorandum has not been given the mandatory force of a rule of court in the later revisions of the rules does not derogate from the status of the memorandum as a deliberate statement of Supreme Court policy in respect of application of the rule, having as much weight as if set forth in a judicial opinion of that court. It is generally to be followed by the trial courts, saving extraordinary circumstances in a particular case, not within the contemplation of the memorandum, and justifiably calling for a single trial. No such extraordinary circumstances appear here. Indeed, on the contrary, the situation seems to us highly typical of the case which both the rule and the memorandum envisage as appropriately calling for a separate preliminary trial of the issues of liability.
Reversed.