Home Federal Savings & Loan Association of Chicago, a Corporation, Plaintiff-Appellee, v. La Salle National Bank, a Corporation As Trustee Under the Provisions of a Trust Agreement Dated October 15, 1954, Felix B. Castillo and Eva M. Castillo, His Wife, Tony Karsh, et al., Defendants-Appellants.

The La Salle National Bank, a Corporation As Trustee Under Provisions of Trust Agreement Dated October 15, 1954, and Known As Trust No. 17115, Felix B. Castillo and Eva M. Castillo, Cross-Plaintiffs-Appellants, v. Home Federal Savings and Loan Association of Chicago, a Corporation, and Donald Jensen, Doing Business As Jensen Builders, Cross-Defendants-Appellees.

Gen. No. 54,446.

First District, First Division.

October 13, 1970.

Richard Altieri, of Chicago, for appellants.

Joseph Z. Uhlir and Harold Orlinsky, of Chicago (Harold Orlinsky, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court. .

The defendants appeal from a decree sustaining a mortgage foreclosure and dismissing their amended cross-complaint for damages and from an order denying their petition for change of venue. We affirm the decree of foreclosure and the order denying the petition for change of venue.

The plaintiff-mortgagee, Home Federal Savings and Loan Association of Chicago, filed a complaint in chancery to foreclose a mortgage on October 25, 1968. The defendants, LaSalle National Bank, as trustee of a land trust, and Felix and Eva Castillo, husband and wife, as sole beneficiaries of the land trust, and their son Tony Karsh, denied that they were in default on the mortgage, defending on the grounds that the plaintiff-mortgagee's Board of Directors did not pass a resolution declaring the

entire balance immediately due and payable, and that there was an agreement to extend the time of payment.

The defendants, owners of an apartment building in Chicago, were paying monthly mortgage payments to the plaintiff of $1,700 (which included principal, interest, insurance and taxes) on a mortgage of $115,000. On January 27, 1968, a fire occurred in the apartment building, causing substantial damage. The following Monday, Mrs. Castillo spoke to Mr. Burger, one of the officers of the mortgagee corporation concerning her monthly payments, after which for the months of February through August, 1968, Mrs. Castillo made monthly payments of $1,223.16. On September 12, 1968, the parties and their counsel held a conference to discuss the finances of the building and the progress of the repairs. At the meeting Mrs. Castillo wrote a check for $2,000 and handed it to Mr. Poelling, one of the plaintiff's officers. Conflicting testimony was offered as to the purpose of this check. Said officer contended that the check was for the fire insurance escrow account to pay the shortage to rehabilitate the building, and not for the September mortgage payment. Mrs. Castillo contends that said $2,000 payment was for the September, 1968 monthly payment of $1,223.16 and the reimbursement of an overdraft of seven hundred and some odd dollars. Defendants made no payments after September 12, 1968.

■ ■ The Chancellor resolved the principal factual dispute in the case, whether there was a binding extension agreement in effect at the time of the filing of the foreclosure complaint, in favor of the plaintiff-mortgagee, thereby establishing its right to foreclosure for the full indebtedness. The only proof of the alleged extension agreement was Mrs. Castillo's testimony that on the first Monday after the fire, she came to Home Federal and "spoke to Mr. Burger, one of the officers," and he said "if you are not able to pay $1,700.00" (the regular monthly payment of principal, interest, insurance and taxes), "you should pay $1,223.16 monthly and there would be no foreclosure." She did not then state that Mr. Burger said anything about how long the payments of only $1,223.16 would be acceptable to Home Federal or

that such payments would be acceptable until such time as the building would become fully rented. No writing evidencing such an agreement was ever produced. We will not disturb the Chancellor's findings of fact since they are not clearly and palpably against the weight of the evidence. Cline v. Cline, 12 Ill App2d 231, 235, 139 NE2d 828 (1956), People ex rel. White v. Underwood, 1 Ill2d 620, 627, 116 NE2d 354 (1954).

■ Defendants contend on appeal that the plaintiff gave no notice of foreclosure, relying on Clevinger v. Ross, 109 Ill 349, at 352, which requires that "such party (the debtor) shall have personal notice when payment will be required thereafter." Poelling testified that during the September 12, 1968 meeting between the parties to work out finances he told Mrs. Castillo and her counsel that they "could have thirty days, and the account would have to be brought forward, or we'd have to file a bill of foreclosure" and that "we could not go along with it any longer." This testimony is substantiated by defendants' counsel's letter of September 13, 1968, to one of the subcontractors repairing the damaged apartment building stating: "In the event we are not able to meet our obligation with the mortgage company by October 15, 1968, they intend to foreclose and my clients do not intend to lose this building when all that is needed is the completion of these repairs." We find that the defendants had actual notice of foreclosure in compliance with the standard set by Clevinger v. Ross, supra.

■ Defendants also contend that the plaintiff did not establish the right of foreclosure for the full amount of the indebtedness. They specifically contend that the plaintiff failed to prove its allegations that its Board of Directors passed a resolution declaring the unpaid balance of the mortgage indebtedness immediately due since only parol and no written evidence of the resolution was offered at trial. We point out that the filing of a complaint is sufficient to show an election to foreclose for the full indebtedness. Sweeney v. Kaufman, 168 Ill 233, 48 NE 144 (1897). Mason v. Kobliska, 190 Ill App 178. The mortgage in this case provides that "if default be made . . . the mortgagee is hereby authorized and em-

powered, at its option . . . to declare . . . all sums secured thereby immediately due and payable." Plaintiff's filing of a complaint was sufficient to show an election to foreclosure for the full indebtedness according to the mortgage provisions.

■ Defendants also claim that the chancellor abused his discretion in dismissing the appellants' cross-complaint and not awarding damages to the cross-plaintiffs. The record does not sustain cross-plaintiffs' contention that they suffered damages as a result of the plaintiffs' foreclosure action. The damage resulted from defendants' action. The contractor handling the general contracting for the fire damage on the building was Tony Karsh, also known as Norman Castillo, and son of the defendants, Felix B. and Eva M. Castillo.

■ Defendants also contend that the court committed reversible error in denying their petition for change of venue based on the prejudice and bias of the trial judge. The right of a party to a change of venue on account of the prejudice of the judge is absolute, but may be waived if not asserted in apt time. It is well settled that a petition for change of venue comes too late when it is presented after the judge has ruled on a substantial issue in the case. City of Chicago v. Hamlin, 24 Ill2d 148, 149, 180 NE2d 473 (1962); Stickler v. McCarthy, 64 Ill App2d 1, 19, 212 NE2d 723 (1965). The trial judge's granting of an order striking the defendants' cross-complaint was such a substantive ruling, and the petition for change of venue was properly denied. Swanson v. Randall, 30 Ill2d 194, 198, 195 NE2d 656 (1964).

For the reasons given, the decree sustaining the foreclosure, dismissing the amended cross complaint and the order denying the petition for change of venue are affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.