CLIFFORD MASON *et al.*, Plaintiffs-Appellees, *v.* KATHLEEN DUNN, Admr. of the Estate of Franklin J. Dunn, Deceased, Defendant-Appellant.

(No. 71-232;

Second District—July 11, 1972.

Peter K. Wilson, Jr., of O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellant.

Goldsmith, Dyer, Thelin & Schiller, of Aurora, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Three plaintiffs were passengers in a vehicle which left the road, hit a stop sign, and continued on, colliding with another auto. They brought suit against the estate of the deceased driver, Franklin J. Dunn, for injuries sustained.

Prior to trial, the plaintiffs filed a motion alleging that a combined trial on issues of liability and damages would take ten days; that twelve witnesses, including 6 or 7 doctors, would testify only as to the issue of damages; that great expense would be incurred in having these doctors testify and that it would be in the best interest of the parties if the issues of liability and damages were severed, as a determination of no liability would avoid the expense of having the doctors called. The motion to sever was granted over defendant's objections. Upon suggestion of the defendant, the parties stipulated that, if defendant was found liable, a new jury would be impanelled to assess damages. The first jury found

liability in favor of the plaintiff and the second jury rendered its verdict assessing damages against the defendant.

The defendant appeals alleging 1) the court erred in severing the issues of liability and damages; 2) the court erred in failing to direct a verdict for defendant on the issues of liability; and 3) the jury's verdict on the issue of liability was against the manifest weight of the evidence.

Defendant argues that severance of the issues was improper because there is no statute, rule or case law which authorizes the trial judge to sever issues. Plaintiff counters that there is case authority for severance and, additionally, that it is within the inherent power of the trial court.

The plaintiffs cite four Illinois decisions which they feel substantiate their position for the severance of liability and damage issues:

1. *Opal v. Material Service Corp.* (1956), 9 Ill.App.2d 433, 449-450. Therein the court explicitly stated that it interpreted Illinois law in a manner which allows a trial court to order separate trials for the issues of liability and damages. However, the severance issue was not before the court and its discussion was *dicta.* (See also, *Schultz v. Gilbert* (1939), 300 Ill.App. 417, 425 and *Logue v. Williams* (1969), 111 Ill.App.2d 327, 332.)

2. *Mount v. Dusing* (1953), 414 Ill. 361. Although the court, in this opinion, speaks in terms of issues, the severance was of causes of action, *i.e.,* the severance of the validity of a will from the validity of a deed. (See also *Flynn v. Troesch* (1940), 373 Ill. 275.)

3. *Johnson v. Johnson* (1955), 5 Ill.App.2d 453. Again, this case concerns the severance of causes of action, not of issues.

4. *Sloma v. Pfluger* (1970), 125 Ill.App.2d 347. In this case it is mentioned that severance of liability and damages was ordered by the trial judge. However, the opinion does not disclose that severance was objected to at trial or that it was an issue on appeal.

Because these cases do not squarely meet the issue before us, we find them insufficient authority or precedent for severance of liability and damages.

There remains the question of whether it is within the inherent power of the trial court to sever the issues. We have extensively researched the law in other jurisdictions (see, 85 A.L.R.2d 9 (1962)) and have found that severance of issues is allowed only in those jurisdictions where there is a statute or Supreme Court Rule authorizing such severance. California, see Section 598, Code of Civil Procedure, and *Trickery v. Superior Court* (1967), 60 Cal.Rptr. 761, 763; New Jersey, see Rule 4:38-2(b), and *Powell v. General Motors Corporation* (1969), 256 A.2d 726; New York, see Civil Practice Law and Rules, Art. 6, Sec. 603 and case law interpreting this section as allowing separation of the issues of

liability and damages, *Williams v. City of New York* (1971), 318 N.Y.S.2d 536; *Bliss v. Londner* (1964), 246 N.Y.S.2d 296; *Berman v. H. J. Enterprises, Inc.* (1961), 214 N.Y.S.2d 945; Florida, see Rule 1.270(b) F.R.C.P. and a reviewing court decision on applicability of the rule to severance of the issues of liability and damages, *Vander Car v. Pitts* (1964), 166 So.2d 837; Washington, see Rule of Pleading, Practice and Procedure 42(a), R.C.W. Vol. O, and a ruling of the Supreme Court of Washington establishing the propriety of such severance, *Brown v. General Motors Corporation* (1965), 407 P.2d 461. Rule 42(b) of the Federal Rules of Civil Procedure allows severance of issues and the Federal Courts, accordingly, permit split trials on the issues of liability and damages, see, Hunter, Split Trials in Negligence Cases Under Federal Rule, 42(b), 3 The Forum 271 (1967) and cases cited therein.

Michigan's rule of procedure, A.C.R. 1963, 505.2, expressly authorizes separation of issues. Despite the explicit authority, however, the Michigan Supreme Court, in *Peasley v. Quinn* (1964), 128 N.W.2d 515, declared improper a trial judge's order severing issues of liability and damages in an automobile negligence case and greatly limited the instances in which severance of liability and damages would be proper, saying:

"When we consider the separation of issues which together constitute a single claim, as is involved in the case at bar, the likelihood of separability is greatly diminished. Furthermore, even in circumstances which would suggest separability in theory, the practical necessities of evidentiary proof may make theoretically separable issues practically interdependent, * * * The showing of compelling necessity for separation under such circumstances, in the interest of convenience or the avoidance of prejudice, would have to be very strong to justify interference with a party's presentation of proofs in the customary fashion." 128 N.W.2d at 517-518.

Rule 174(b), Texas Rules of Civil Procedure expressly allows separate trial of any separate issues, yet the Supreme Court of Texas has held that separate trials on liability and damages are not permitted in personal injury tort cases. *Iley v. Hughes* (1958), 311 S.W.2d 648. See, *Eubanks v. Winn* (1967), 420 S.W.2d 698, 701.[1]

---

[1] The advantages and disadvantages of severance of liability and damages are discussed in: Hunter, Split Trials in Negligence Cases Under Federal Rule, 42(b), 3 The Forum 271 (1967); Comment, 26 U. of Pitt. L. Rev. 99 (1964); Corboy, Will Split Trials Solve Court Delay? A Negative Response, 52 Ill. B.J. 1004 (1964); Levine, Split Trials, 51 Ill. B.J. 570 (1963); Zeisel and Callahan, Split Trials and Time Saving: A Statistical Analysis, 76 Harv. L. Rev. 1606 (1963); Weinstein, Routine Bifurcation of Jury Negligence Trials: An Example of the Questionable Use of Rule Making Power, 14 Vand. L. Rev. 831 (1961); Miner, Court Congestion: A New Approach, 45 A.B.A.J. 1265 (1959).

■■ There is no statute or Supreme Court rule in Illinois which expressly allows severance of issues. While Section 44 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 44) allows separate trials of *causes of action* and Section 51 (Ill. Rev. Stat. 1969, ch. 110, sec. 51) provides that an *action* may be severed, we do not interpret these sections to allow severance of issues within an action. It should be noted that a proposed rule allowing split trials was recommended and submitted to our Supreme Court by the Committee on Split Trials of the Illinois Judicial Conference. However, such rule has not been adopted. 1964 Annual Report of the Illinois Judicial Conference, p. 102.

■■ We conclude that the trial court is without inherent authority to sever the issues of liability and damages in a single action and that such authority must be derived by either Supreme Court rule or legislative enactment. It was therefore error in this case for the trial court to sever the issues over the objection of the defendant.

Having reached this conclusion, we must reverse and remand the case for a new trial and therefore need not reach the other issues raised.

Judgment reversed; cause remanded for a new trial.

ABRAHAMSON and GUILD, JJ., concur.