DELTA OIL COMPANY, INC., Plaintiff and Counterdefendant-Appellee, *v.* LLOYD ARNOLD, Defendant-Counterplaintiff and Third-Party Plaintiff-Appellant.—(JAMES J. KOKENIS, Third-Party Defendant-Appellee.)

First District (1st Division)   No. 76-1704

Opinion filed October 30, 1978.

John P. Scotellaro and Robert A. Pond, of Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (R. R. McMahan, Steven M. Murray, and Norman J. Lerum, II, of counsel), for appellees.

Mr. JUSTICE BUCKLEY delivered the opinion of the court:

This case began with the filing by Delta Oil Company, Inc., of an action in Cook County circuit court for a declaratory judgment that Lloyd Arnold has no interest in an oil drilling venture called State-Chester 3-30, and is entitled to a refund of $25,000 paid in connection with that venture, but no other payments. Arnold then filed an answer, a two-part counterclaim against Delta and a third-party complaint against James Kokenis, president and majority stockholder of Delta. In the counterclaim and third-party claim, Arnold sought enforcement of an alleged agreement he made with Delta under which he obtained a 50% interest in the State-Chester 3-30 venture, and also a refund of $40,000 he had paid to Delta in connection with another venture, known as the Hanover Prospect, on the grounds that Delta and Kokenis failed in that transaction to comply with provisions of the Illinois Securities Act.

After Delta and Kokenis had filed motions for summary judgment as to all issues in the case and Arnold had filed a motion for summary judgment as to the securities issue alone, Arnold presented a petition for change of venue. Arnold's petition for change of venue was denied, and summary judgment was granted as to all issues in favor of Delta and Kokenis.

It is from these rulings and judgments that Arnold appeals.

For the reasons stated below, we find that the circuit court's denial of the petition for change of venue was error.

The facts relevant to this issue are as follows:

Delta commenced its declaratory judgment action on October 2, 1974. Arnold's answer, counterclaim and third-party claim were filed on January 20, 1975.

Delta and Kokenis filed motions for summary judgment with respect to Arnold's claims concerning the Hanover Prospect and for a protective order regarding certain of Arnold's discovery requests. Hearing and ruling on the motions for summary judgment were reserved pending further discovery. The motion for a protective order, together with a motion to sever the issues of liability and damages, was briefed, argued and decided on May 21, 1975. Severance was denied and discovery was ordered to proceed, subject to certain limitations.

On March 19, 1976, an order was entered setting a bench trial of the case for the following June 3. On May 17, Delta filed an amended complaint and an amended answer which varied from its original complaint and answer in that they did not consider Arnold and Delta to have entered into any binding agreement regarding the State-Chester 3-30 venture. Arnold then filed an amended answer and a reply to affirmative defenses raised by Delta's amendments.

On June 2, 1976, a telephone conversation occurred between Delta's counsel and the trial judge. Arnold's counsel was previously notified by Delta's counsel that such a conversation was intended, but received no information regarding its content until June 3, when a hearing was held in which the following exchange occurred:

"Mr. Scotellaro: I will agree with Mr. Murray that the issue raised in the previously filed motion for summary judgment, probably, is appropriate for disposition by summary judgment.

The basic issues in the case are not—

We have two diametrically opposed stories, plaintiff's and the defendant's.

The Court: Yes, but there is one exhibit in there which everybody agrees to.

Mr. Murray: That's the point.

The Court: The receipt.

Mr. Scotellaro: Correct, your Honor. But that receipt can only be interpreted in the facts amongst the facts that were existent at the time the receipt was delivered.

The Court: Well, let me ask you this question: The receipt, the $24,000.00 was subject to an agreement, is that right?

Mr. Scotellaro: Subject to an agreement.

The Court: Is there an agreement? Where is the agreement?

Mr. Scotellaro: The receipt is the evidence of the agreement. The subject language merely refers to memorialization of that agreement. There is law to that effect, your Honor.

Mr. Murray: I think that I have cited law that indicates when either of the parties indicates an intention, their contract or their agreement should be put in writing, that there aren't any binding obligations until that is done, and this is a classically equivalent statement.

The Court: This is the receipt: 'Received of Lloyd Arnold, the sum of $25,000.00 in payment of 50 per cent of Delta Oil Company interest in the Amoco Pennzoil oil drilling project located in Section 30, Township 30, N. Range 2W, Chesterton Township, Ostego Township, Michigan (Amoco Pennzoil Delta project) known as State-Chester 3-30. Subject to that certain agreement to

be drawn'—I emphasize the words 'to be drawn'—'between Lloyd Arnold and Delta Oil Company.'

Where is the agreement?

Mr. Scotellaro: Your Honor, there never has been an agreement drafted. However, that does not mean a contract was not entered into by the parties.

Mr. Murray: I think that issue is subject to a summary judgment motion, and that's the way I would like to cast it.

The Court: I would like you to do it.

Mr. Scotellaro: Fine.

Mr. Murray: Very well, your Honor.

The Court: You know it's 2 years old, and I'm tired of preparing the case. You called me the other day and said it would take 2 days to try the case, and I was astounded because of the posture of the case, and looking at the pleadings, I can't understand why motions towards the legal aspects or the validity of that so-called contract or memorial hasn't been filed long before this.

This is a court of prompt disposition. This is not a court where cases are intended, or do rest for years and years, and the sooner you learn that the better we'll get along."

As a result of this hearing, Delta was given leave to file a motion for summary judgment as to all aspects of the case and Arnold was given two weeks to respond. A hearing was set for July 15. The motions and supporting written arguments were filed as scheduled.

Arnold presented a petition for change of venue which was heard on July 12, 1976. At the court's request, Arnold filed an amended petition detailing grounds on July 22. Delta filed a brief in opposition on August 2, and the petition was denied August 13, 1976. On August 26, arguments on the summary judgment motions were heard and rulings in favor of Delta and Kokenis were issued from the bench.

■■ The issue of whether the circuit court erred in denying Arnold's petition for a change of venue is the threshhold issue in this appeal, for if this denial was error, any rulings or orders entered thereafter are null and void. *Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 1055, 347 N.E.2d 259, 261; *Little v. Newell* (1973), 14 Ill. App. 3d 564, 568, 302 N.E.2d 739, 742.

■■ Because a petition for change of venue filed in compliance with the Venue Act (Ill. Rev. Stat. 1975, ch. 146, pars. 1 and 3), including the requirement of timeliness, gives rise to an absolute right to a change of venue (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 250-51, 311 N.E.2d 673, 675; *Frede v. McDaniels*), resolution of this issue turns upon whether Arnold's motion was in compliance with statutory requirements.

Appellees Delta and Kokenis argue that Arnold's petition for change of venue was properly denied because it was untimely and because it was filed solely for the purpose of avoiding an expected adverse ruling. We view these arguments as constituting a single contention, because, although the principle that a party may not obtain a change of venue solely to avoid an anticipated adverse ruling has been voiced in a number of decisions of this court (*People ex rel. Northbrook v. City of Highland Park* (1976), 35 Ill. Wpp. 3d 435, 342 N.E.2d 196; *In re Estate of Silverman* (1972), 6 Ill. App. 3d 225, 285 N.E.2d 548; *Paramount Paper Tube Corp. v. Capital Engineering & Manufacturing Co.* (1956), 11 Ill. App. 2d 456, 138 N.E.2d 81), this principle has never been held to constitute a separate basis for denying a petition for change of venue. On the contrary, it has been stated as an explanation of the requirement that such petitions be timely.

A petition for change of venue is timely if it is filed "before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." (Ill. Rev. Stat. 1975, ch. 146, par. 3.) Appellees do not contend that a trial or hearing began prior to Arnold's presentation of his petition for change of venue, but they do contend that the judge to whom it was presented had already ruled on substantial issues in that: (1) cross-motions for summary judgment covering the merits of the case had been filed, briefs in support of these motions had been filed and a date for ruling on these motions had been set; and (2) one year earlier, motions for a protective order, costs and attorneys fees relating to discovery and a motion to sever the issues of liability and damages had been ruled on. Appellees also allege that the court had taken the cross-motions for summary judgment under advisement, but this is not supported by the record.

Appellees do not contend that the handling by the court below of the cross-motions for summary judgment constituted a substantial determination, but rather that the court had indicated a position on the merits of the case after discussion with counsel. As authority for the proposition that a petition for change of venue is untimely if presented after the trial court indicates its attitude on an issue affecting the merits of a case, appellees cite *Joseph v. Joseph* (1973), 15 Ill. App. 3d 714, 305 N.E.2d 19. Although such language is used in *Joseph*, an examination of that case reveals that the trial court's statement was equivalent to a formal ruling on a substantial issue in that case. There, the trial court stated after hearing arguments on the issue, that an escrow agreement regarding which plaintiff sought to produce testimony was clear on its face, so that no testimony would be required unless a side agreement among the parties created any ambiguity. As a result, the trial court indicated that a severance of causes of action against the defendant and the respondents

under the escrow agreement would be proper. Thus, the trial court in *Joseph* had in effect ruled on separability of matters and parties, and had incidentally expressed a view relating to the merits of one of the issues in the case. Accordingly, in *Joseph* there was in effect a ruling on a substantial issue, so to the degree that the language cited by appellees suggests that a ruling on a substantial issue could be found in a statement by a trial court touching on an issue yet to be argued, it is, at best, mere dicta.

Moreover, *Joseph* does not purport to expound a new principle in reciting the language cited by plaintiffs. That language is attributed to *Barnes v. Peoples Gas, Light & Coke Co.* (1968), 103 Ill. App. 2d 425, 243 N.E.2d 855, which in turn attributes it to *Swanson v. Randall* (1964), 30 Ill. 2d 194, 195 N.E.2d 658, and *City of Chicago v. Hamlin* (1962), 24 Ill. 2d 148, 180 N.E.2d 473. No such language, however, appears in *Hamlin* or *Swanson*, and in both of those cases the petition for change of venue was presented after a formal ruling on a substantial issue. Likewise, in *Barnes*, where this language first appeared, there had already been a ruling on a motion to dismiss the complaint without leave to amend it.

Thus, the language relied upon by appellees as a rule of law has never been more than dicta, and *Joseph* stands only for the proposition that, under the "substantial ruling" test for timeliness of a petition for change of venue, a formal ruling is not necessarily crucial.

■■ ■ In the present case, however, the trial court's handling of the motions for summary judgment involved no statement of the kind made in *Joseph*. The court did not declare what its ruling on those motions would be, and indeed could not properly have done so, there having been no argument on that issue. See *Roherty v. Green* (1965), 57 Ill. App. 2d 362, 366-71, 206 N.E.2d 756.

It must be concluded, therefore, that the trial court's handling of the motions for summary judgment in the present case did not constitute a ruling on a substantial issue in the case, even under the somewhat flexible interpretation of this standard permitted under *Joseph*.

As to the earlier motions disposed of by the trial court, it is clear that those relating to discovery were tangential to the merits of the case. No authority has come to our attention which holds that motions relating to discovery can constitute substantial issues in a case, and under the facts of the present case, it is obvious that these issues were not of substantial importance to the merits of this case.

■■ The only prior motion not relating to discovery was that calling for severance of the issues of liability and damages. Appellees urge that *Joseph* holds that a ruling on a severance motion constitutes a ruling on a substantial issue, but in *Joseph* the motion was for severance of both causes of action and parties to them, whereas in the present case the

motion was merely for severance of issues under a single cause of action. The significance of this distinction is that the latter type of severance is unknown in Illinois (*Mason v. Dunn* (1972), 6 Ill. App. 3d 448, 285 N.E.2d 191). As a result, disposition of a motion for such severance is of no significance, since the motion is without merit on its face.

It must therefore be concluded that none of the rulings entered in this case prior to presentation of Arnold's petition for change of venue constituted a ruling on a substantial issue in the case. Accordingly, Arnold's petition was timely, so that denial of that petition was error and such error rendered all subsequent rulings of the trial court void. *Frede v. McDaniels.*

For these reasons, the order of the circuit court denying the petition for change of venue and all orders entered subsequent thereto are reversed. The cause is remanded for further proceedings in accord with this opinion.

Reversed and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.