(No. 37162.—

La Salle National Bank, Trustee, Appellee, *vs.* The City of Chicago, Appellant.

*Opinion filed March 22, 1963.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and RITA IVY EPSTEIN, Assistant Corporation Counsel, of counsel,) for appellant.

HOWARD G. JOSEPH, of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On May 4, 1961, La Salle National Bank, as trustee, filed a complaint in the circuit court of Cook County seeking to set aside a Chicago zoning ordinance as a cloud on its title to the subject premises, and to enjoin the city and its officials from enforcing it as against the property. After hearing evidence the court granted the relief prayed. The city appeals directly to this court, the trial judge having certified that the validity of a municipal ordinance is involved and that the public interest requires direct appeal.

The plaintiff gave no notice to neighboring property owners before filing suit, and the city's first contention is that the trial court was therefore without jurisdiction, by virtue of paragraph (e) of section 73—4 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1959, chap. 24, par. 73—4(e).) That section provides, *inter alia,* that in municipalities of 500,000 or more population "when any zoning ordinance, rule or regulation is sought to be declared invalid by means of a declaratory judgment proceeding, not more than 30 days before filing suit for a declaratory judgment the person filing such suit shall serve written notice" upon the owners of property located within 250 feet of the subject property. The defendant city argues that the present suit, although not in terms one for declaratory judgment, seeks relief which is declaratory in nature,

and that the statute's requirements cannot be avoided by the mere expedient of labeling the proceeding a suit to remove cloud on title and adding a prayer for injunctive relief. A similar contention was answered by this court in *Kupsik* v. *City of Chicago,* 25 Ill.2d 595, where we construed this section and concluded that "By its terms it refers only to suits for declaratory judgments, and nowhere does it suggest that the traditional forms of relief are abolished." It is unnecessary to consider the question further here.

The subject property is a vacant lot. Under the city's zoning ordinance the area in which it lies is classified as a B5-1 General Service District, in which the permitted uses include dwelling units (above ground floor) subject to certain area requirements. The number of dwelling units permitted for plaintiff's lot would be about sixteen, at 2500 square feet of land per unit, although the number could be increased somewhat by having some efficiency units, for which the minimum land area is only 1650 square feet. The plaintiff, however, desires to erect a building with 2 wings and a connecting promenade serving as a lobby, 5 stories, 45 feet in height, with 130 apartments, 60% of which are to contain 2 bedrooms, 30% to contain 1 bedroom, and 10% to be studio type apartments.

The property is located at the southeast corner of the intersection of N. Hiawatha Avenue with the Edens Highway. Its northern boundary is a frontage of 201 feet on N. Hiawatha Avenue, a diagonal street running in a northwesterly direction. The lot extends south a distance of 225 feet on its west boundary (a line 30 feet east of the Edens Highway) and 266 feet on its east boundary. About a block to the east is Cicero Avenue.

Across the street (Hiawatha Avenue) are four single-family ranch type homes. To the west is the Edens Highway. Adjoining the property on the south is a life insurance company's parking lot, and on the east is a funeral home which fronts on Cicero Avenue. Generally, there

are single family homes and multiple family dwellings to the north, and commercial establishments to the south. Along Cicero Avenue, a block to the east and running parallel to the subject property, there are three-story apartment buildings and commercial establishments. Nowhere in the general area is there any development with the height and density of that proposed by the plaintiff.

The city contends that the evidence does not show the ordinance to be arbitrary in its application to the plaintiff's land. We agree. The area is predominantly devoted to single-family residential and low density multiple-family residential use, with several business uses on Cicero Avenue. There is no evidence of nonconforming uses, and none of the conforming ones exceed three stories in height. The street on which the property is situated is a dead-end one, and the expert testimony on defendant's behalf is that a more intensive multiple-family use would generate serious traffic problems and cause an undue strain on available facilities.

The zoning classification of plaintiff's property permits a wide variety of business and residential uses. There is no proof of facts showing that the plaintiff's land is unsuited to such uses or that the classification constitutes an unreasonable restraint on its use. The fact that it might be worth more if a greater intensity of use were permitted is not of itself sufficient to invalidate the ordinance. *Jacobson* v. *City of Evanston,* 10 Ill.2d 61.

The plaintiff does not contend that the density restrictions are not in conformity with the uses existing in the neighborhood. While the nature of the argument is somewhat obscure, its purport seems to be that the ordinance is void because it permits too much. Thus it is urged that under its terms the property could be put to any of a number of business uses which would bring heavy traffic problems, and that several of them, such as pool halls, dance halls and taverns, would in themselves be obnoxious or

detrimental to residents of the area if conducted on the subject property. It is then concluded that the possibility of such uses renders the present classification incongruous or inappropriate for the subject property, that as applied thereto the ordinance is arbitrary and void in its entirety, and that as a result the restrictions on dwelling-unit use, being a part thereof, become invalid with the rest. The contention clearly fails to show the ordinance invalid in its application. As we observed with reference to a somewhat similar argument in *Jacobson* v. *City of Evanston,* 10 Ill.2d 61, 73, "Whatever impact the other permitted uses might have in a given situation, they have not been shown to have any substantial effect on plaintiff or his property in this case."

The evidence fails to show the ordinance arbitrary and void as applied to plaintiff's property, and the circuit court erred in enjoining its enforcement and removing it as a cloud on plaintiff's title. The decree is therefore reversed.

*Decree reversed.*