THE PEOPLE ex rel. THE VILLAGE OF LAKE BLUFF et al., Plaintiffs-Appellants, v. THE CITY OF NORTH CHICAGO et al., Defendants-Appellees— (BOARD OF EDUCATION, SCHOOL DISTRICT No. 65, LAKE COUNTY, Intervening Petitioner-Appellant, v. THE CITY OF NORTH CHICAGO et al., Defendants-Appellees.)

(No. 71-129;

Second District—April 3, 1972.

*Rehearing denied January 7, 1972.*

Lonchar & Nordigian, of Waukegan, and Norman & Billick, of Chicago, both for appellants.

Jack Hoogasian, State's Attorney, of Waukegan, and Slater & Kahan and A. Bradley Eben, both of Chicago, (Howard R. Slater, of counsel,) for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On August 12, 1968, the City of North Chicago annexed ten acres of land known as the Doney tract. Seventeen months after this annexation, and several months after the Doney property had been rezoned, the Village of Lake Bluff filed a petition in the Circuit Court of Lake County seeking leave to file a complaint in *quo warranto* pursuant to the provisions of the Quo Warranto Act. (Ill. Rev. Stat. 1969, ch. 112, par. 9 through 15.) The petition alleged that the annexation of the Doney property by North Chicago was void and illegal, and further alleged that it had requested the Attorney General of the State of Illinois and the State's Attorney of Lake County to initiate *quo warranto* proceedings against North Chicago on the grounds that the annexation of the Doney property was void due to lack of contiguity with North Chicago and that those public officials refused that request. The plaintiff further alleged that it is desirous of annexing the Doney property because it is within the school district for the elementary grade school and high school en-

compassing Lake Bluff, and that it has regulated the Doney property for more than ten years by its official Village plan. The only residents on the Doney property do not want the annexation to North Chicago disturbed and do not want annexation to Lake Bluff.

In response to the plaintiff's petition, the defendants, the First National Bank of Lake Forest, as trustee under a certain trust and thereby owner of record of the Doney property, and North Chicago, each filed an answer denying the plaintiff had any right to file the complaint and asserting that the plaintiff is barred by the statute of limitations, laches, estoppel and *res judicata*. The State's Attorney of Lake County filed a motion to dismiss the plaintiff's petition. Thereafter, on the 17th day of July, 1970, the trial court entered a final order denying leave to the petitioner to file such a complaint. The trial court held that the suit was barred by the statute of limitations set forth in the Cities and Villages Act (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—46) and that former proceedings between the years 1958 and 1961, with reference to numerous annexations of portions of Forrestal Village to North Chicago were *res judicata* of the issues herein. On the 7th day of August, 1970, plaintiff moved for a reconsideration of the order of dismissal or leave to file an amended petition for leave to file a complaint, which amended petition was permitted to be filed on the 12th day of March, 1970, for the limited purpose of considering it in support of the motion. On the 24th day of February, 1971, an order was entered denying plaintiff's motion for reconsideration or for leave to filed the amended petition. This appeal from both orders followed.

■■ Although the plaintiff presents a number of issues to this court, the only ones we need consider and pass upon are those decided by the trial court. Those issues are whether this suit was barred by the statute of limitations and whether the plaintiff can now raise the question of the invalidity of the 1958 annexations of Forrestal Village and portions thereof. In this court, North Chicago has attempted to insert another issue and that is whether the plaintiff, Lake Bluff, is a proper party under the *Quo Warranto* Act to question the legality of the annexation by North Chicago of the Doney property. That issue is not properly before this court as there is no cross-appeal. The trial court apparently decided that the plaintiff had an interest different than that of the general public so that it could properly file a petition for leave to file a complaint in *quo warranto,* although the Attorney General and the State's Attorney had refused to do so. (*People v. Firek,* 5 Ill.2d 317, 325.) If the court had decided that the plaintiff had no standing to file the petition for leave to file a *quo warranto* complaint, it would have not considered the statute of limitations and the *res judicata* issue.

Lake Bluff and North Chicago are located near to each other in Lake County, but they are not adjacent. Beginning in 1958, North Chicago started annexing certain properties lying between the two municipalities, primarily being properties of the U.S. Government. These annexations took place on January 13 and 20, April 28 and May 5, all in the year of 1958 and ten years prior to the Doney annexation. The main basis for the plaintiff Village contesting these annexations is that it contends that they were not, when annexed, and are not now, contiguous to any other portion of North Chicago and the continguity relied upon by North Chicago for annexation of those properties and the Doney property is predicated upon another invalid annexation (of Forrestal Village and a portion of Great Lakes, Illinois) because it was accomplished by street and roadway annexations only and without permission of the U.S. Government or the Department of the Navy. North Chicago contends that the Doney property was contiguous to North Chicago as a result of the annexation by North Chicago of properly located wholly within the confines of the boundaries of the U.S. Naval Training Station at Great Lakes, known as Forestville or Forrestal Village. It states that those lands were annexed by North Chicago on the dates heretofore mentioned in 1958 and done so properly.

It appears that the State's Attorney of Lake County in 1958 filed a complaint in *quo warranto* against North Chicago, General File No. 67881, in the Circuit Court of Lake County, challenging the annexation of Forrestal Village by North Chicago. On May 19, 1958, shortly after that *quo warranto* proceeding was filed, North Chicago answered and claimed that the annexations hereinbefore described were valid. On January 30, 1961, the Circuit Court of Lake County ordered the complaint in *quo warranto* filed by the State's Attorney dismissed for want of prosecution. Now, in the present petition, despite the dismissal of the *quo warranto* started by the State's Attorney of Lake County in 1958, the plaintiff reasserts the alleged invalidity of those 1958 annexations and contends that the annexation of the Doney property was invalid since North Chicago lacked the requisite contiguity to the Doney property at the time of its annexation on August 12, 1968. The statute of limitations relied upon by the trial court as a bar to the filing of the present proceedings is contained in the Cities and Villages Act (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—46):

"Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year

of the effective date of this amendatory Act of 1965 whichever date occurs latest. This amendatory Act of 1965 shall apply to annexations made prior to the effective date of the Act as well as those made on or after the effective date. Where a limitation of a shorter period is prescribed by statute such shorter limitation applies and the limitation set forth in this section shall not apply to any annexation where the judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter."

The plaintiff contends that this statute is not a bar to these proceedings because the statute provides specifically that it shall not apply to any annexation where the annexing body did not have jurisdiction of the subject matter at the time of such annexation. Plaintiff states that the lack of contiguity is jurisdictional, and that since there was a complete lack of jurisdiction to make the annexations of Forrestal Village because the consent of the Federal Government was not secured, and for other reasons, any annexations accomplished by North Chicago of U.S. Government territory is void *ab initio*. It does not appear that the U.S. Government has ever objected to the annexations of its property.

As far as the argument concerning contiguity is concerned, this court was presented with a similar situation in the case of *In re Annexation to City of Loves Park*, 89 Ill.App.2d 284 (Abstract). There, the City of Loves Park passed an ordinance on October 10, 1966, annexing certain property, and a week later filed its petition for annexation pursuant to the Cities and Villages Act (Ill. Rev. Stat. 1965, ch. 24, par. 7—1—1 through 7—1—10), praying for a referendum of electors of the area. Soon thereafter, the North Park Fire Protection District filed objections to the petition and ordinance, contending that the territory described in the ordinance was not contiguous to the City of Loves Park. After a hearing, the court held that the petition and ordinance were valid and ordered that the question of annexation be submitted to the electors. Thereafter, a majority of the electors voted in favor of the annexation and an order of annexation was entered by the court. From those two 1966 orders the Fire District appealed. Chronologically, Loves Park had passed four ordinances annexing four separate pieces of land in late 1959 and early 1960, and *quo warranto* proceedings were filed soon thereafter challenging the validity of the annexation of three of these parcels. After hearing, on July 22, 1960, the trial court entered final judgment, declaring all four parcels to have been legally and validly annexed. Later, a *quo warranto* proceeding was brought unsuccessfully to oust Loves Park from exercising authority over certain parcels of land which included the four parcels previously mentioned. On appeal, in *People v. City of Loves Park*, 59 Ill.App.2d 297 (Abstract) this court

held that the judgment of July 22, 1960, as to those four parcels was *res judicata* as to the validity of their annexation, and stated:

"If lack of contiguity as to the Count 1 territory was a defense in Cause No. 73201 (the prior *quo warranto* proceedings), it should have been presented in that action. Under the circumstances, we think the trial court was correct in holding that the judgment in the prior action is *res judicata* as to the question of the validity of the annexation of the territory described in Counts 1, 2, 3, and 4 of the instant complaint. See *People v. Kidd*, 398 Ill. 405."

In appealing the 1966 orders, the Fire District contended that despite our decision in *People v. Loves Park, supra,* that the validity of the annexation of the four parcels was *res judicata,* the lack of contiguity of those parcels is material to a determination of the contiguity of the land annexed on October 10, 1966, by Loves Park. In disposing of that contention, we said:

"We will not set aside the previous annexations in order to render the territory sought to be annexed in this proceeding non-contiguous, *People v. City of Loves Park, supra,* nor will we invalidate the present annexation because of some fear that some future annexations may be predicated upon it. The validity of future annexations will be passed upon as they are presented to the Court."

We thereupon concluded that the trial court was correct in overruling the objections of the Fire District, and affirmed the judgment of the trial court.

The factual situation herein differs somewhat from that involved in the annexations to Loves Park because the original *quo warranto* proceedings, concerning the annexation of four parcels to Loves Park in 1959 and early 1960, terminated in a judgment holding that those annexations were legal and valid. In our case, it appears that an original *quo warranto* proceeding filed by the State's Attorney of Lake County with reference to the properties annexed in 1958 terminated on January 30, 1961, by a judgment of the trial court dismissing said *quo warranto* proceedings for want of prosecution.

■■ The plaintiff does not seek to justify a lapse of 17 months for attacking the annexation of the Doney property, or the lapse of more than 10 years in questioning the annexations of the U.S. Government properties. Based on the language used in *In re Annexation to City of Loves Park, supra,* and in *People v. City of Loves Park, supra,* we conclude that the trial court had jurisdiction of the subject matter and properly held that this suit was barred by the statute of limitations. Ill. Rev. Stat. 1969, ch. 24, par. 7—1—46.

■■ Another contention of the plaintiff is that the defendants should

not have been allowed to file answers to the plaintiff's petition for leave to file a *quo warranto* complaint but should only be permitted to answer once the court had allowed leave to file it. Plaintiff also states that an answer setting forth the affirmative defenses of statutes of limitations, laches, estoppel and *res judicata* can only be filed after the *quo warranto* complaint has been allowed to be filed. However, in *People ex rel. Palmatier v. Tighe*, 11 Ill.App.2d 1, the court said at page 9:

"The writ of *quo warranto* is not a writ of right but lies in the sound discretion of the court, which may consider all the circumstances and conditions, the motives of the petitioner in having the proceeding instituted, and whether the public interest will be served or damaged by the writ. (*People v. Jones*, 308 Ill. 246, 249.) If the facts shown by respondent in his answer to the rule are disputed or if new and doubtful questions of law are presented, leave should be granted to file the information. If, however, the facts are not disputed and if the questions of law may receive as full and careful consideration upon the application for leave to file as upon a final hearing, leave to file should not be granted. (*People v. France*, 314 Ill. 51, 54.)"

It appears that the material facts herein are not in dispute and that the court did and could give full consideration to the question of the application of the statute of limitations and *res judicata* as raised in the answers to the petition for leave to file a *quo warranto* complaint. Therefore, it was not necessary to grant the leave to file a complaint and postpone consideration of the statute of limitations and *res judicata* until after answers to the complaint had been filed by the defendants.

■■ Another contention of the plaintiff is that the trial court erred in refusing to permit plaintiff to file an amended petition or for reconsideration of the order entered July 17, 1970, denying leave to file the original petition. We have examined the amended petition which the trial court permitted to be filed for the limited purpose of considering the motion and have determined that no new facts, which are material, were presented to the trial court in the amended petition which would require a different result in the application of the law pertaining to the statute of limitations and *res judicata*. The trial court did not err or abuse its discretion in refusing to allow either the amended petition to be filed or in refusing to reconsider the order denying the original petition.

Both of the orders of the trial court involved in this appeal are affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.