John T. Flynn, for the use and benefit of all other taxpayers situated in the State of Illinois, Petitioner-Plaintiff-Appellant, *v.* Adlai E. Stevenson III, State Treasurer, *et al.*, Respondents-Defendants-Appellees.

(No. 71-103—

Second District—April 4, 1972.

Tully & Roddy and Randall T. Clair, both of Chicago, (Joseph V. Roddy, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Howard P. Slater, City Attorney, of Chicago, (Francis T. Crowe and John Galvin, Assistant Attorneys General, and Hercules P. Zagoras, Assistant City Attorney, of counsel,) for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On July 17, 1970, judgment was entered in the Circuit Court of Lake County, denying petitioner leave to file a complaint to enjoin the disbursement of public funds by the defendants. Petitioner appealed to the Supreme Court of Illinois, but that Court on its own motion transferred the cause to the Appellate Court, stating that it had no jurisdiction on direct appeal.

The petitioner, on behalf of all taxpayers situated in the State of Illinois, brought this suit, pursuant to the provisions of ch. 102, par. 11 et seq., Ill. Rev. Stat. 1969, to restrain and enjoin the disbursement of public moneys and, in particular, motor fuel-tax funds and state income tax funds to the City of North Chicago. The petitioner contends distribution of those funds was predicated upon an illegal population basis which includes persons residing at the Great Lakes Naval Station. The United States acquired title to this land between 1905 and 1943. The petitioner seeks to have a declaratory judgment entered, declaring void the purported 1958 and 1962 annexation ordinances of the City of North Chicago, whereby the land commonly known as the Great Lakes Training Station was annexed to the City of North Chicago. He states that, long prior to the enactment of the annexation ordinances, the legislature of the State of Illinois, pursuant to the laws of 1899, page 375, sections 1 through 4 (Ill. Rev. Stat. 1951, ch. 143, par. 23—24*) had granted consent to the United States for the acquisition of land involved for the purpose of government and had ceded to the United States exclusive jurisdiction over said land for all purposes except the administration of criminal laws and the service of civil processes. Thus, it is said that, by reason of the 1958 and 1962 purported annexations, the City of North Chicago has illegally increased its population from approximately 26,000 to approximately 52,000 people for the purpose of increasing its share of motor fuel tax and income tax distributions.

■■■ This case is before us to review the exercise of the trial court's discretion in denying leave to file the complaint and the decision of the

---

* Ill. Rev. Stat. 1953, ch. 143, sec. 23-25, repealed by Act approved July 10, 1953, L. 1953 p. ——, H. B. No. 962.

court that the complaint failed to state a cause of action. In making this decision, facts well pleaded in the petition and the complaint must be considered as true. (*People ex rel. White v. Busenhart,* 29 Ill.2d 156, 161.) Although the petition was filed to restrain and enjoin the disbursement of public moneys, the statute permitting the filing of a complaint to enjoin the disbursement of public funds, only upon leave granted by the court, had as one of its purposes the establishment of a procedure which would serve as a check upon the indiscriminate filing of such suits. (*Barco Manufacturing Co. v. Wright,* 10 Ill.2d 157, 158.) The law of 1899, granting exclusive jurisdiction to the United States, does not invalidate and render void the purported annexations of the Great Lakes Naval Training Station to the City of North Chicago, as a municipality can validly annex a federal enclave. (*Howard v. Commissioners of the City of Louisville* (1953), *et al.,* 344 U.S. 624.) The attempt of the petitioner to distinguish the *Howard* case from this case, because of the difference in the wording of the Illinois and Kentucky "ceding" statutes, is without merit. Also, the annexations in question were not challenged by the United States.

■■ The U.S. Congress has authorized state jurisdiction over federal enclaves for taxation purposes (U.S.C.A., Title 4, section 104-110). Section 104 provides for the levy of motor fuel tax by a state on U.S. military or other reservations, and section 106 provides that no person shall be relieved of any liability for any income tax levied by any state by reason of his residing within a federal area. Actually, it appears that the main thrust of the complaint, sought to be filed herein, is to obtain a judgment declaring void the purported 1958 and 1962 annexations of the Great Lakes Naval Training Station by ordinances adopted by the City of North Chicago. This, of course, is a collateral attack on said annexations. In *Ogle v. City of Belleville,* 238 Ill. 389, at page 391, the court stated:

"It is clear, under the authorities, that plaintiffs in error have mistaken their remedy. The court is asked, in effect, to determine that the annexation proceeding is illegal and void, while the prayer of the bill is for an injunction against the illegal use of public funds, yet back of this prayer is the fundamental question whether the annexation proceeding is legal or illegal. The city of Belleville is a municipal corporation duly organized under the laws of Illinois, and there is a valid law under which territory may be legally annexed to such city. The bill shows that there has been an attempt to annex the territory in question to the city of Belleville. This being true, the question of the legality of such annexation cannot be inquired into in this collateral proceeding. (*Trumbo v. People,* 75 Ill. 561; *Village*

*of Nunda v. Village of Crystal Lake,* 79 *id.* 311; *Town of Geneva v. Cole,* 61 *id.* 397; *People v. Newberry,* 87 *id.* 41; *Alderman v. School Directors,* 91 *id.* 179; *Osborn v. People,* 103 *id.* 224; *People v. Pederson,* 220 *id.* 554.) These authorities are conclusive of the only question presented by this record."

Not only is this a collateral attack upon the annexation ordinances of 1958 and 1962 of the City of North Chicago, but no explanation has been given by the petitioner for his failure to take any action with reference to those annexations for a period of eight to twelve years.

■■ The defendants also state that the petitioner is barred by the statute of limitations, with reference to contesting annexations, as set forth in the Cities and Villages Act (Ill. Rev. Stat. 1969, ch. 24, par. 7-1-46) which in part states:

"Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this amendatory Act of 1965 whichever date occurs latest."

Quite recently, in *People of the State of Illinois ex rel. Village of Lake Bluff, et al., v. City of North Chicago, et al.* (1972), (No. 71-129, 2nd Dist.), this court considered an attack upon the 1958 annexations by the City of North Chicago for portions of the Great Lakes Naval Station. That attack was in the nature of a *quo warranto* proceeding, filed by the Village of Lake Bluff on August 12, 1968, and approximately ten years after the 1958 annexations. In that case, as in the present case, the petitioner did not seek to justify the lapse of many years before questioning the annexation of the U.S. Government properties. In the *Village of Lake Bluff* case, we held that the *quo warranto* suit was barred by the statute of limitations hereinabove mentioned. In that case, also, as in this case, the defendants pointed out that the State's Attorney of Lake County, in 1958, had filed a complaint in *quo warranto* against North Chicago, General File No. 67881, in the Circuit Court of Lake County, challenging the annexation of Forrestal Village by North Chicago. Forrestal Village is a portion of the U.S. Naval Training Station. On January 30, 1961, an order was entered in the Circuit Court of Lake County, dismissing that complaint in *quo warranto* for want of prosecution. We adhere to our decision in the *Village of Lake Bluff* case and, therefore, determine that not only has the petitioner attempted to make a prohibited collateral attack upon the annexations in question, but also that the proceedings herein are barred by the statute of limitations herein-

462

above stated. Not only did the petitioner mistake the propriety of his remedy in attacking the annexation of territory by a suit to enjoin the disbursement of public moneys, his remedy, if any, would have been by a *quo warranto* action. *Lincoln v. Village of Robbins,* 15 Ill.App.2d 293, 295.

We conclude that the trial court correctly decided that the complaint failed to state a cause of action and did not abuse any discretion in denying the petition for leave to file the taxpayers' complaint. The judgment of the trial court is accordingly affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.