184

claim that the girls were undernourished was based on their thin appearance, but the caseworker never inquired as to the sufficiency of their diet.

It should be noted that the incidents which served as the basis of the neglect finding occurred over one and a half years before the hearing on the petitions. While many factors may cause delays in reaching a final judicial determination, it is significant that the children, with the exception of Donald's temporary removal from the home, remained with their parents.

We consider it particularly important that a finding of neglect be supported as directed by statute by a preponderance of the evidence. While it can be said that a parent who is found neglectful may reform and petition for return of the child or children, in reality the parent is under a considerably greater burden in such a case. *The Custody Question and Child Neglect Rehearings,* 35 U.Chi.L.Rev. 478 (1967-8).

The judgment is against the manifest weight of the evidence and is therefore reversed.

Judgment reversed.

GOLDBERG and HALLETT, JJ., concur.

THE PEOPLE *ex rel.* THE CITY OF BURBANK, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

(No. 58142;

First District (1st Division)—December 3, 1973.

PER CURIAM.
EGAN, J., took no part.

Ruff and Grotefeld, of Chicago (John J. Reynolds, of counsel), for appellant.

Richard L. Curry, Corporate Counsel, of Chicago (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellee.