THE PEOPLE *ex rel.* VILLAGE OF NORTHBROOK, Plaintiff-Appellee, *v.* THE CITY OF HIGHLAND PARK, Defendant-Appellant.—(NORTHBROOK COURT ASSOCIATES, Intervenor-Relator-Appellee.)

First District (1st Division) No. 61349

Opinion filed January 19, 1976.

Thomas H. Compere, Corporation Counsel, of Highland Park (Berle L. Schwartz and Richard J. Hollander, Assistant Corporation Counsel, of counsel), for appellant.

Frederic O. Floberg, of Chicago (Jeffrey R. Ladd and Ross, Hardies, O'Keefe, Babcock & Parsons, of counsel), for appellee Village of Northbrook.

Jack M. Siegel, of Chicago, for appellee Northbrook Court Associates.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This appeal is the culmination of long and bitter litigation between two thriving municipalities; Village of Northbrook (Northbrook) and City of Highland Park (Highland Park). Their legal battle rivals in intensity, although not quite in duration, the internecine strife among the ancient Greek city states. Northbrook Court Associates (Intervenor), owner of certain of the real estate here involved, has joined the fray by intervention. Northbrook commenced these proceedings by filing in the circuit court of Cook County, with leave obtained from that court, a complaint in quo warranto, challenging the validity of a previous annexation by Highland Park of three parcels of real estate in Cook County abutting and directly south of Lake Cook Road. The trial court entered judgment of ouster against Highland Park, which appeals.

In this court, Highland Park contends that the annexations which it accomplished and which are here attacked were in accordance with all statutory requirements; the trial court erred in denying the motion of Highland Park to change the venue to another judge and the venue of this quo warranto action is contrary to law because the suit should have been brought in Lake County. Northbrook contends that its own prior annexation of the property here involved was valid; the motion of Highland Park for change of venue to a different judge was untimely and therefore improper and the suit was properly commenced in Cook County. In a separate brief, the Intervenor contends that Highland Park failed to justify its annexation of the property and the previous annexation thereof by Northbrook was valid; the motion for change of venue to a different judge was properly denied and the suit was properly filed in Cook County. These contentions will be considered in the order stated by Highland Park.

All of the facts are virtually undisputed. Most of them appear from certified copies of recorded documents and ordinances. In fact, Highland Park did not call any witnesses and all of its evidence consisted of various documents.

The cause involves three parcels of real estate. All of these parcels are bounded on the north by Lake Cook Road. Two of them are contiguous and the third is farther to the east. The two parcels to the west are owned by the Intervenor. In this area, Lake Cook Road, a county highway running in an easterly and westerly direction, constitutes the boundary between Lake County on the north and Cook County on the south. Prior to the occurrences hereinafter related, Lake Cook Road formed the

southern boundary of Highland Park and in some areas the northern boundary of Northbrook.

On April 20, 1964, Highland Park adopted and duly published an ordinance by which it annexed the south 33 feet of Lake Cook Road. Prior thereto the southern boundary of Highland Park included the north 33 feet of the highway. This annexation was completed by recordation of a certified copy of the ordinance, including a surveyor's plat, in the office of the Recorder of Deeds of Cook County, Illinois, on April 30, 1964.

On July 13, 1971, and on November 9, 1971, Northbrook adopted and duly published ordinances for annexation of all of the property herein; the two parcels owned by the Intervenor and the parcel to the east. Certified copies of these ordinances were recorded in Cook County on August 24, 1971, and on February 3, 1972. Each of the ordinances and notices which accomplished this annexation included the south 33 feet of Lake Cook Road previously annexed to Highland Park. This area is a strip on the northern border of all of the property here involved.

Thereafter, all of the subject property, which had been unincorporated prior to the annexation by Northbrook, was considered a part of Northbrook and Cook County for taxing purposes for 1972 and 1973. General taxes for those years were duly levied, extended and paid by and to the officials of Cook County. The property was also included as part of Northbrook by the Cook County clerk in providing for taxes to pay principal and interest on the bond issues for a public library building and a public safety building upon the property. Northbrook has provided fire and police protection for all of the real estate and has included this property in its zoning maps for 1972, 1973 and 1974.

Various steps were taken by the authorities of Northbrook for rezoning of a large parcel of real estate in the area, including all of the property involved in this cause. Highland Park had representatives present at certain of the public hearings held in Northbrook in connection with this rezoning. The Intervenor purchased a portion of the real estate after this had been accomplished. The Intervenor has spent approximately $9 million in acquisition of a large parcel of real estate which includes two of the parcels here involved. The Intervenor is now in the process of completing a large commercial development on this land which has an approximate valuation of from $20 million to $25 million. These improvements are constructed upon a portion of the real estate here involved.

By ordinances adopted on May 29, 1973, Highland Park annexed all of the real estate herein involved. This annexation was completed by publication and by recordation of the necessary ordinances and plats

of survey in Cook County. It is agreed that these documents all included in their description of. the annexed property the south 33 feet of Lake Cook Road which had theretofore been annexed to Highland Park in 1964 and to Northbrook in 1971. All of the publication notices were erroneous as regards one parcel of the real estate herein involved. These notices actually described a piece of real estate approximately one-half mile west of the property proposed to be annexed. The filing of these quo warranto proceedings by Northbrook followed on June 12, 1973.

■■ As a matter of law, in a quo warranto action to test the validity of annexation by a municipality, the burden of proving validity of the purported annexation rests upon the defending municipality which has the burden of proving its title or additional facts upon which it relies to bar prosecution of the suit. *People ex rel. Knaus v. Village of Hinsdale,* 111 Ill.App.2d 368, 373, 374, 250 N.E.2d 309, *leave to appeal denied,* 42 Ill.2d 584.

Highland Park seeks to justify its position here by its own annexation steps taken in 1973. It has been held repeatedly that the exclusive method of attacking the validity of an annexation is by quo warranto proceedings. (*Village of Bridgeview v. City of Hickory Hills,* 1 Ill.App.3d 931, 934, 274 N.E.2d 925, *cert. denied,* 407 U.S. 921, 32 L.Ed.2d 806, 92 S.Ct. 2460.) Thus, Highland Park's entire case depends upon the validity of its own subsequent annexation. It is the law of Illinois that a quo warranto proceeding instituted more than one year after an annexation has become final is barred by the statute of limitations. Ill. Rev. Stat. 1973, ch. 24, par. 7—1—46; *People ex rel. City of Burbank v. City of Chicago,* 16 Ill.App.3d 184, 305 N.E.2d 656 (abstract opinion), *leave to appeal denied,* 55 Ill.2d 607, citing *Flynn v. Stevenson,* 4 Ill.App.3d 458, 281 N.E.2d 438, and *People ex rel. Village of Lake Bluff v. City of North Chicago,* 5 Ill.App.3d 142, 282 N.E.2d 780, *cert. denied,* 410 U.S. 955, 35 L.Ed.2d 688, 93 S.Ct. 1421.

Although the parties before us did not cite *People ex rel. City of Des Plaines v. Village of Mt. Prospect,* 29 Ill.App.3d 807, 331 N.E.2d 373, we find it necessary to consider that case. The facts are best stated in chronological order:

1. April 30, 1968—complete annexation of the property by Des Plaines.

2. March 4, 1969—Mt. Prospect approves ordinance for annexation of parts of the same territory.

3. April 3, 1969—action in quo warranto by Des Plaines attacking the Mt. Prospect annexation of March 4, 1969.

4. May 7, 1969—answer by Mt. Prospect attacking the Des Plaines annexation of April 30, 1968.

This court held that the filing of the answer by Mt. Prospect, attacking the earlier Des Plaines annexation, was equivalent to the filing of a counterclaim in quo warranto. The court also held that since the one-year period from the Des Plaines ordinance (April 30, 1968) had not expired when the quo warranto complaint was filed on April 3, 1969, the answer was timely filed even after one year from the attacked annexation. (29 Ill.App.3d 807, 811.) The case before us presents a different and distinguishable set of facts. The chronology here is:

1. April 1964—annexation by Highland Park of south half of Lake Cook Road.

2. July 1971—annexation of subject property by Northbrook.

3. May 1973—annexation of subject property by Highland Park.

4. June 12, 1973—quo warranto proceedings filed by Northbrook attacking May 1973 annexation.

5. August 15, 1973—answer filed by Highland Park attacking July 1971 annexation.

■■ One glance shows that both the complaint by Northbrook and the answer of Highland Park, here equivalent to a counterclaim, were filed after expiration of the limitation period within which the July 1971 annexation by Northbrook was subject to attack. Under these circumstances, we conclude that the statute of limitations barred any attack by Highland Park upon the Northbrook annexations, except upon the theory that the Northbrook ordinance "was void *ab initio* for want of subject matter jurisdiction." (See *People ex rel. City of Des Plaines v. Village of Mt. Prospect*, 29 Ill.App.3d 807, 814.) To hold otherwise would, in our opinion, nullify the statute of limitations. One municipality could at any time annex property previously annexed by another, even long after expiration of the statutory period. This would then compel challenge of the last annexation by quo warranto and would enable the respondent by answer to attack the original annexation, all in spite of the existence of the statute of limitations.

■■ We will next consider whether the Northbrook annexations of July 1971 were void *ab initio*. The sole point raised by Highland Park concerning the merits of the situation is failure of the 1971 annexations by Northbrook to comply with the statute. The Northbrook annexations are predicated upon section 7—1—13 of the Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 7—1—13) pertaining to surrounded or nearly surrounded territory. Highland Park argues that the annexations by Northbrook included the south 33-foot strip of the road which was then a part of Highland Park by virtue of the April 1964 annexation and were therefore a nullity.

The latest authority cited by Highland Park in support of this point is *People ex rel. Curtin v. Heizer*, 36 Ill.2d 438, 442, 223 N.E.2d 128. There, certain taxpayers filed a quo warranto complaint contesting validity of the organization of a fire protection district. The Supreme Court ordered a judgment of ouster. The court held that there was a fatal defect in the petition for the formation of the district so that it was improperly organized. Certain of the land included therein was within the boundaries of the State of Missouri. The court stated the applicable principle as: "The erroneous inclusion of lands beyond the jurisdiction of the court vitiates the proceeding." (36 Ill.2d 438, 443.) In the case before us we are not dealing with lands beyond the jurisdiction of the court and in another State.

In our opinion, the decisive applicable authority is *People v. Knapp*, 28 Ill.2d 239, 190 N.E.2d 774. There, the city of Joliet questioned incorporation proceedings of the municipality of Crest Hill by quo warranto. The Supreme Court affirmed a judgment for defendant. One basis for the attack was that the description of the territory within the newly organized village included a strip 6 or 7 feet wide and about 250 feet long which was actually a part of a tract which had previously been annexed to Joliet. The new village adopted an ordinance expressly disclaiming jurisdiction over this area. The Supreme Court made the following statement which is dispositive of the contention by Highland Park (28 Ill.2d 239, 244, 245):

"The plaintiffs further contend that the petition was fatally defective because the description of the territory included a small piece which was within the city limits of Joliet. It is undisputed that there was an overlap to the extent of a strip six or seven feet wide and about 250 feet long. The strip was inadvertently included because it had formed part of a tract formerly annexed to Joliet and thereafter disconnected by a description which, by mistake, failed to include the strip in question. It further appears that the village of Crest Hill by ordinance has expressly disclaimed any jurisdiction over the area overlapped.

We do not think the mere fact that this small sliver of land was inadvertently included is enough to invalidate the incorporation proceedings. While the statute contemplates that the territory to be incorporated will not be already incorporated, it does not require either expressly or by necessary implication the result sought by the plaintiffs in this case. It deals with practical matters and must be given a practical, common-sense [sic] construction. The strip in question lies wholly within and is a part of a public

thoroughfare which will be used by the general public indiscriminately with the balance of the street. Under these circumstances the overlap is *de minimus* and will not be considered."

The case before us is quite similar on the facts. Counsel for Northbrook have conceded the point of ownership of the strip of land constituting the south half of Lake Cook Road and Northbrook has never claimed any interest in this area. The judgment of ouster appealed from expressly eliminated the south 33 feet of Lake Cook Road over which it has no effect. The clear language of Municipal Code sections 7—1—1 and 7—1—13 limits their application to "territory which is not within the corporate limits of any municipality." Thus neither of these sections authorized or required any attempt by Northbrook to annex the portion of the highway owned by Highland Park. (See *In re Petition to Annex Certain Territory*, 1 Ill.App.3d 773, 776, 777, 275 N.E.2d 462, *leave to appeal denied*, 49 Ill.2d 577.) We therefore hold that the overlap by which Northbrook included the questioned strip of land is *de minimis* and that the trial court properly reduced the area of the annexation by eliminating this strip.

■■■ We note also that in *People ex rel. City of Des Plaines v. Village of Mt. Prospect*, this court held that failure of an annexation to include both sides of an adjacent highway, as specified by section 7—1—1 of the Municipal Code, voids the entire annexation for lack of subject matter jurisdiction. Although the point was not raised here by Highland Park, we will consider it for purposes of completeness. That theory is not applicable here because:

1. It is properly conceded by all of the parties here that the annexation by Northbrook was accomplished under that specific section of the statute which pertains to the annexation of unincorporated but surrounded property bounded by one or more municipalities. (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—13.) All three of the parcels annexed by Northbrook are south of Lake Cook Road. In each instance they are surrounded completely by Northbrook itself except for the northern boundary of all three of these parcels which, according to the order appealed from, is the southern edge of Lake Cook Road. The entire Lake Cook Road is a part of Highland Park in accordance with its own annexation of the southern half accomplished in 1964. Furthermore, both sections 7—1—1 and 7—1—13 of the Municipal Code limit the right of annexation to "unincorporated territory" or "territory which is not within the corporate limits of any municipality."

2. The purpose of enactment of section 7—1—1 was to eliminate problems that resulted from fixing a municipal boundary at the center

of a highway. (See 29 Ill.App.3d 807, 814.) That objective has been fully complied with by the Highland Park annexation of 1964 confirmed in effect by the order appealed from which operated to include the entire Lake Cook Road within Highland Park.

In our opinion, the judgment order appealed from is legally proper on the merits of this situation.

We next consider the requested change of venue from the trial judge. The petition for leave to file the complaint was filed June 12, 1973. Highland Park filed a motion for change of venue on July 22, 1974. The petition alleged fear that Highland Park would not receive a fair and impartial trial before the trial judge because said judge was prejudiced against it. It alleged that this prejudice first came to the knowledge of Highland Park when the same judge refused a petition by Highland Park to intervene and also denied a motion of Highland Park to transfer the case of *Krembs v. County of Cook*, involving the same parcel of property as involved in the case at bar, from Cook County to Lake County. The petition does not allege when the prejudice came to the knowledge of Highland Park. There is no further identification concerning the other piece of litigation and the record discloses no information concerning it.

The statute provides that a petition for change of venue from a trial judge shall be "presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, provided that if any grounds for such change of venue occurs [*sic*] thereafter, a petition for change of venue may be presented based upon such grounds." (Ill. Rev. Stat. 1973, ch. 146, par. 3.) Since there is no showing as to when the alleged prejudice came to the attention of petitioner, the statutory proviso is inoperative here. The remaining legal issue is whether this petition was presented before the judge "ruled on any substantial issue in the case."

■■ It has been repeatedly held that this statute is to be liberally construed. This principle was stated in *City of Chicago v. Hamlin*, 24 Ill.2d 148, 150, 180 N.E.2d 473, immediately followed by this important language:

> "But it is also true that a petition for a change of venue is to be offered at the earliest practical moment, (*Comrs. of Drainage Dist. v. Goembel*, 383 Ill. 323), and that a petition comes too late when it is presented after the judge has ruled on 'a substantive issue in the cause.' (*People v. Chambers*, 9 Ill.2d 83; *People v. Wilfong*, 17 Ill.2d 373.)"

The basis for this commonsense statutory requirement is to prevent parties and their attorneys from first ascertaining the attitude of the

trial court and then requesting a change of venue in the event that such attitude does not conform to their own ideas. The salutary rules for change of venue should not be used as a vehicle for delay or for shopping about from one courtroom to another until a favorable judge is found. There is an able discussion of this point with citation of a number of authorities in *People v. Chambers*, 9 Ill.2d 83, 88, 90, 91, 136 N.E.2d 812, *cert. denied*, 359 U.S. 972, 3 L.Ed.2d 839, 79 S.Ct. 888.

In the case before us the petition for change of venue was filed more than one year after institution of proceedings and more than one year after the trial judge had ruled upon the motion by Northbrook for leave to file its complaint. This ruling by the court was upon an important substantive issue in the case and required the court to exercise discretion. (See *People ex rel. Seegren v. Sackett*, 351 Ill. 363, 368, 184 N.E. 646.) The motion for change of venue was filed more than one year after the trial judge had passed upon and granted the petition of the intervenor for leave to intervene in these proceedings. Disposition of the motion for leave to intervene was an important aspect of the litigation which required exercise of discretion by the court. See *People v. Grabs*, 373 Ill. 423, 428, 26 N.E.2d 494.

■■ In our opinion, the petition for change of venue was filed too late and after the court had passed upon important substantive issues in the case. (See *Swanson v. Randall*, 30 Ill.2d 194, 198, 195 N.E.2d 656.) In *Swanson*, the court held that a petition for change of venue was too late because it was presented after the court had ruled upon a motion by defendant to strike plaintiff's complaint. In the case before us, the trial judge had entered a number of other orders some of which were strongly contested. These orders included the motion of Highland Park to dismiss for lack of jurisdiction because of another pending case; the motion to change the venue of the cause to Lake County; and a number of motions regarding discovery. We conclude that the motion of Highland Park for change of venue from the trial judge was properly denied.

The propriety of the venue in Cook County depends upon the application and construction of a number of statutes. The statute on quo warranto provides (Ill. Rev. Stat. 1973, ch. 112, par. 15):

> "The provisions of the Civil Practice Act, including the provisions for appeal, and all existing and future amendments of said Act and modification thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder, except as otherwise provided in this Act."

Section 5 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 5) dealing generally with venue provides:

"Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

Section 7 of the Civil Practice Act pertaining in pertinent part to actions against a municipal corporation, certain actions concerning real estate and local actions (Ill. Rev. Stat. 1973, ch. 110, par. 7) provides:

"(1) Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located. Actions to recover damage to real estate which may be overflowed or otherwise damaged by reason of any act of the corporation may be brought in the county where the real estate or some part of it is situated, or in the county where the corporation is located, at the option of the party claiming to be injured.

\* \* \*

(3) Any action which is made local by any statute must be brought in the county designated in the statute."

The Municipal Code of Illinois provides (Ill. Rev. Stat. 1973, ch. 24, par. 7—4—6):

"Whenever this Code or any other Act of this State provides that a suit or proceeding affecting the title or possession of land or the assessment or collection of taxes, shall be commenced by a municipality in any court of the county in which the municipality is situated, the reference is to the county in which the land affected or upon which the taxes are assessed or to be assessed and collected is situated."

On the same date that Northbrook filed its complaint in quo warranto, Highland Park filed an objection to venue in Cook County and an alternative objection to the jurisdiction of the court because of a suit brought by a third party against Northbrook and Highland Park in the circuit court of Lake County seeking determination of the same question raised in the instant case. On June 25, 1973, a petition for leave to intervene was filed by the Intervenor setting forth its ownership of a portion of the property involved in the annexation. The petition alleged that assessment or collection of taxes was involved in the case as well as the zoning classification of the property fixed by ordinances of Northbrook and that the action involved potential damage to the Intervenor's real estate by

virtue of the possible effect of clouding of title to the property. On July 12, 1973, the court denied the motion of Highland Park for transfer of the cause and also its alternative motion to dismiss. Highland Park filed its answer and affirmative defenses in due course.

■■ Highland Park depends upon section 7(1) of the Civil Practice Act read in conjunction with section 15 of the quo warranto statute, both above quoted. It urges that these enactments require that the within action against a municipal corporation be filed in Lake County where its principal office is located. The parties have stipulated to location of the office. Highland Park urges that section 5 of the Civil Practice Act, also above quoted, is not applicable because of the established rule of statutory construction that a specific statute (section 7(1) of the Civil Practice Act) will prevail over a general one (section 5 of that Act). *People v. Pennsylvania R.R. Co.*, 19 Ill.2d 122, 129, 166 N.E.2d 86.

■■ Highland Park alludes to the definition of the word "transaction" used in section 5(b) of the Civil Practice Act and puts forward the definition thereof contained in *Winn v. Vogel*, 345 Ill.App. 425, 431, 103 N.E.2d 673, as referring to dealings between the parties themselves. Thus it urges that the annexation by Northbrook and the within attack by Northbrook on the annexation by itself are not "transactions" within the meaning of section 5. Highland Park also attacks the contentions of the Intervenor by citing the established rule that the Intervenor was obliged to take the suit as it found it and was bound by the record at the time of intervention and thus cannot raise issues regarding the regularity of procedure in the principal case. *Hairgrove v. City of Jacksonville*, 366 Ill. 163, 184, 8 N.E.2d 187.

Highland Park anticipates a contention of Northbrook based on section 7—4—6 of the Illinois Municipal Code and urges that this cause cannot be classified as pertaining to collection or assessment of taxes because these matters are not involved. Highland Park finally urges that the cause is not an action to recover for damage to real estate within the purview of section 7(1) of the Civil Practice Act in that no issue of damages is involved.

Northbrook contends in answer that sections 7 and 5(b) of the Civil Practice Act should be read in *pari materia* to obtain possible harmony. From this premise, Northbrook submits that the cause of action arose out of annexation of real estate situated in Cook County and the recording of essential documents in Cook County. Northbrook then urges that the word "transaction" should be defined as providing the origin of a cause of action which alters the legal relations of the parties involved.

(*La Ham v. Sterling Canning Co.*, 321 Ill.App. 32, 44, 52 N.E.2d 467.) Northbrook agrees that the Intervenor must take the record as found, but it contends that the collection of taxes is basically behind all of the litigation between the municipalities. It then argues that section 7(2) of the Civil Practice Act is really a restatement of repealed section 3 of the Chancery Act. (See Ill. Rev. Stat. 1931, ch. 22, par. 3, as discussed in the Historical and Practice Notes to section 7 of the Civil Practice Act, Ill. Ann. Stat. ch. 110, § 7, at 67 (Smith-Hurd 1968).) Thus, it contends that venue of this suit affecting real estate should be fixed where the property is located. Highland Park concludes with a general argument based on section 8(1) of the Civil Practice Act that judgments or decrees rendered in the wrong venue are not void for this reason. Ill. Rev. Stat. 1973, ch. 110, par. 8(1).

The Intervenor urges that after the order of the trial court denying change of venue from the county and the motion to dismiss, Highland Park had filed an original petition in the Supreme Court for mandamus and prohibition. (General No. 46032.) On December 22, 1973, the Supreme Court dismissed the case as moot. The Intervenor asserts that this dismissal is conclusive on the issue of venue. Examination of the proceedings in the Supreme Court discloses, however, that the court dismissed Highland Park's petition solely because of dismissal of the litigation in another county that was the basis for the motion to dismiss. The Intervenor also contends that the action involves an issue of damages to real estate which it owns so that under section 7(1) of the Civil Practice Act the suit could be brought in the county where the real estate is situated; venue is governed by section 5(b) of the Civil Practice Act since the annexation of land in Cook County is a transaction particularly in view of the fact that recordation of the necessary ordinance is an essential part of the process of annexation; the intervention gave additional grounds for Cook County venue in view of the fact that the attempted annexation by Highland Park was by an illegal ordinance which constituted a cloud on title of property owned by the Intervenor (*La Salle National Bank v. City of Chicago*, 27 Ill.2d 278, 189 N.E.2d 273), so that the suit was actually an attempt to set aside a cloud upon title which in turn is tantamount to an action to quiet title.

We need not enter the labyrinth of these devious legal theories to arrive at the conclusion that the venue of the action is properly laid in Cook County. We expressly refrain from considering any of them. The one and only legal question before the court in these proceedings is the legality of the annexation of property in Cook County by Highland Park. The sole legal method for inquiring into the validity of annexation

proceedings is by quo warranto. *Village of Bridgeview v. City of Hickory Hills,* 1 Ill.App.3d 931, 933, 934, 274 N.E.2d 925, *cert. denied,* 407 U.S. 921.

We cannot disregard the specific direction of paragraph (3) of section 7 of the Civil Practice Act which provides that "Any action which is made local by any statute must be brought in the county designated in the statute." With these premises in mind, we next examine the provisions of article 7 of the Municipal Code of Illinois pertaining to annexation (Ill. Rev. Stat. 1973, ch. 24, pars. 7—1—1 and following) to determine if annexation proceedings are "made local." In this statute, aside from provisions for recordation in the county in which the annexed territory is situated, we find a number of situations where court action is required and in each case the annexation action is made local by provision in the statute for action to be taken in the county in which the property is located. See Ill. Rev. Stat. 1973, ch. 24, pars. 7—1—2, 7—1—3, 7—1—4, 7—1—11 and 7—1—26.

■■ In our opinion, the inescapable result of these statutory provisions is a mandatory application of section 7(3) of the Civil Practice Act because the venue of the action has been made local. Since all litigation pertaining to authorization of annexation is made local and thus committed to the court of the county where the property is situated, it is completely logical that the within proceedings concerning the validity of annexation be heard in the same forum. Section 7(3) of the Civil Practice Act shows the legislative intent to preserve special statutory provisions regarding venue such as the cited sections of the Municipal Code. (Ill. Ann. Stat. ch. 110, § 7, Historical and Practice Notes, at 67 (Smith-Hurd 1968).) Section 5 is a general statute and defers to the more specific section 7 by virtue of its introductory language "Except as otherwise provided in this Act * * *." In the choice between section 7(1) which involves all actions of every kind and description against a municipal corporation and section 7(3) which involves the more restricted and specific type of local actions only, we believe that the latter section is properly applicable. This result is strongly supported by the time-honored principle that *in rem* actions such as the case at bar should be filed and decided in the courts of the county in which the real estate is situated. (See *Bevans v. Murray,* 251 Ill. 603, 623, 96 N.E. 546.) We approve the order of the trial court that venue be laid in Cook County.

We find no error in this record. The order appealed from is affirmed.

Judgment affirmed.

BURKE and SIMON, JJ., concur.