THE PEOPLE *ex rel.* STEVEN ZAHER, Plaintiff-Respondent, v. THE VILLAGE OF BURR RIDGE *et al.*, Defendants-Petitioners.

First District (5th Division)   No. 85—1338

Opinion filed May 1, 1987.

Richard T. Wimmer and Terrence M. Barnicle, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellants.

John T. O'Connell, Ltd., of Willow Springs, and Daniel L. Houlihan & Associates, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff sought leave to file a complaint in *quo warranto* challenging the power of a municipality and its trustees to act with respect to a certain special service area created to make water and sewer drainage improvements in a designated area of the township where he resided. Defendants moved and were granted leave to transfer venue while hearings on plaintiff's application were being conducted. Said order was later vacated on plaintiff's motion. The case was subsequently transferred to another judge who, after conducting a hearing on the matter, denied defendants their motion to transfer venue. It is from said order of denial that this appeal is taken.

For the reasons stated herein, we reverse.

On March 4, 1985, plaintiff, a homeowner in the village of Burr Ridge, filed an application for leave to file a complaint in *quo warranto*. The complaint challenged the authority of the municipality to create a special service area designed to improve water and sewage

drainage in certain portions of the village. Defendants objected to plaintiff's application on the grounds that he had failed to comply with a statutory provision requiring him to submit denial letters from both the Illinois Attorney General's office and the State's Attorney's office.

At the hearing on plaintiff's application, defendants presented an emergency motion to transfer venue to Du Page County, situs of the village's principal office. The trial court initially granted defendants leave to transfer venue but subsequently vacated its order on plaintiff's motion. As a basis for his reversal, the judge cited the possible improper filing of plaintiff's application for leave to file the *quo warranto* complaint[1] and indicated that his decision in no way stemmed from a belief that his prior order had been incorrectly entered. Failing thus to address the merits of plaintiff's motion to vacate, the court apparently meant for its ruling to be applied solely to procedural matters.

Shortly after plaintiff was given leave to file his complaint in *quo warranto* in the circuit court of Cook County, the case was transferred to another judge who, after giving full consideration to the parties' respective positions on the matter, denied defendants their motion to transfer venue.

OPINION

The propriety of the trial court's decision to deny defendants their request to transfer venue to Du Page County is the sole issue for consideration.

By this appeal, we are asked to determine whether section 2—103(a) or section 2—103(c) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—103(a), (c)) is the applicable statutory provision to determine the proper forum in the instant case. Section 2—103(a), the more generalized subsection, requires all actions against municipal corporations to be brought in the county where the "principal office" of the municipal corporation is located. Section 2—103(c), on the other hand, requires an action "made local" by any statute to be brought in the county designated by that statute.

Defendants rely on section 2—103(a) to support their contention that venue in the instant case is proper in Du Page County. Their argument is twofold: first, since their principal office is located in Du Page County, the village is not a resident of Cook County for purposes of venue; second, section 2—103(c) cannot form the basis upon

---

[1]Plaintiff had presented the application without having first filed the pleading.

which venue in Cook County may be found as plaintiff's action has not been made local by any statute.

Plaintiff maintains that his action has been made local by certain revenue provisions pertaining to special services areas. He argues that were it not for section 1 *et seq.* of "An Act to provide the manner of levying or imposing taxes for the provision of special services to areas \*\*\*" (Special Service Areas Act or Act) (Ill. Rev. Stat. 1985, ch. 120, par. 1301 *et seq.*), the village of Burr Ridge would lack the authority to establish special service areas. Hence, any challenge to the municipality's authority to create special service area number 4 must necessarily be brought in connection with the aforesaid statutory provisions. Plaintiff further interprets section 1 *et seq.* of the Act as requiring actions of this kind to be brought in the county where the special service area and its subject property are located. As all of the area affected by Burr Ridge's special service area number 4 lies within Cook County, plaintiff concludes that venue in the instant case should lie in the circuit court of Cook County.

In our opinion, the provisions of the Act relied on by plaintiff relate not to the authority of a municipality to establish a special service area, but rather to its discretionary power to levy taxes in connection with special service areas. Sections 7, 8, 9, and 10 state in pertinent part:

> "Sec. 7. Bonds secured by the full faith and credit of the area included in the special service area may be issued for providing said special services. Bonds, when so issued, shall be retired by the levy of taxes \*\*\* against all of the taxable real property included in the area as provided in the ordinance authorizing the issuance of the bonds or by the imposition of another tax within the special service area. \*\*\* Prior to the issuance of such bonds, notice shall be given \*\*\*. For purposes of this Section a notice shall include:
>
> \* \* \*
>
> (3) A notification that all interested persons, including all persons owning taxable real property located within the special service area will be given an opportunity to be heard \*\*\* [and] to file objections to the issuance of such bonds \*\*\*.
>
> Sec. 8. Boundaries of a special service area may be enlarged, \*\*\* except where the property being added represents less than 5% of the assessed valuation of the entire original area, as determined by the clerk of the county wherein the land is located \*\*\*.
>
> Sec. 9a. [Any petition to disconnect from the boundaries of

a special service area] shall be addressed to the circuit court ***.

* * *

Any disconnected territory shall cease to be subject to any taxes levied under this Act and shall not be security for any future bonded indebtedness.

Sec. 10. If a property tax is levied the tax shall be extended by the county clerk in the special service area in the manner provided by the Revenue Act of 1939 based on assessed values as established pursuant to the Revenue Act of 1939. In such case, the municipality or county shall file a certified copy of the ordinance creating the special service area, including an accurate map thereof, with the county clerk. The corporate authorities of the municipality or county are authorized to levy taxes in the special service area ***."

While the above provisions clearly provide a procedure to tax, they do not grant a municipality the power to formulate a special service area. Given that plaintiff's complaint in *quo warranto* does not challenge the taxation which is imposed by virtue of the creation of the special service area but only the initial exercise of power by the village of Burr Ridge to form the special service area, we must conclude that the provisions of the Act set forth above have no relationship whatsoever with plaintiff's *quo warranto* action.

Further, the power to form a special service area is bestowed upon a municipality by the Illinois Constitution and not, as defendants claim, by the Special Service Areas Act (Ill. Rev. Stat. 1985, ch. 120, par. 1301 *et seq.*). Article VII of the Illinois Constitution in relevant part provides:

"Sec. 6(l) The General Assembly may not deny or limit the power of home rule units *** (2) to levy or impose additional taxes upon areas within their boundaries in the manner provided by law for the provision of special services to those areas and for the payment of debt incurred in order to provide those special services.

***

Sec. 7. Counties and municipalities which are not home rule units shall have only powers granted to them by law and the powers *** (6) to levy or impose additional taxes upon areas within their boundaries in the manner provided by law for the provision of special services to those areas and for the payment of debt incurred in order to provide those special services." (Ill. Const. 1970, art. VII, secs. 6, 7.)

Additional support for our conclusion that the power to form a special service area is constitutionally derived is found in the Special Service Areas Act (Ill. Rev. Stat. 1985, ch. 120, par. 1301 *et seq.*). Section 1 itself states in clear and unequivocal terms:

"In any case in which a municipality or county exercises the *power granted in* Part (6) of section 7 of Article VII, or in Part (2), paragraph L of section 6 of Article VII, of *the Constitution to provide special services*, a tax to provide such special service or provide for the payment of debt incurred therewith shall be levied or imposed in accordance with this Act." (Emphasis added.)

We further find that plaintiff's reliance on *People ex rel. Village of Northbrook v. City of Highland Park* (1976), 35 Ill. App. 3d 435, 342 N.E.2d 196, to support his contention that venue is proper in Cook County is misplaced. Plaintiff in that case challenged the statutorily based annexation of certain property by the defendant in a *quo warranto* proceeding. By doing so, plaintiff placed the annexation statute directly in issue. No such particular statutory scheme has been made the basis of plaintiff's complaint here, however. His challenge is merely one that centers around the authority of the municipality to act with respect to a certain special service area. Unlike *Northbrook*, then, the instant action is clearly not based on any statute, much less a statute which designates venue.

Plaintiff's attempt to equate acts relating to tax levy to those undertaken by the village in connection with the formulation of a special service area is unfounded in view of the fact that the statutory provisions relied upon by him relate neither to a *quo warranto* action nor to defendants' authority to form special service areas. As plaintiff has failed to show that his *quo warranto* action has been made "local" by statute, venue in the instant case should be determined, not by the more particular provisions of section 2—103(c), but rather by the general terms of section 2—103(a) calling for the action to be brought in the county where the municipal corporation's principal office is located.

The order denying defendants' motion to transfer venue is reversed.

Reversed.

SULLIVAN, P.J., and PINCHAM, J., concur.