THE PEOPLE *ex rel.* JAMES E. RYAN, Plaintiff-Appellant, v. THE VIL-
LAGE OF BARTLETT, Defendant-Appellee.

Second District   No. 86—0323

Opinion filed December 23, 1986.

James E. Ryan, State's Attorney, of Wheaton (J. Patrick Jaeger, Assist-
ant State's Attorney, of counsel), for appellant.

Edward S. Mraz, of Larson & Mraz, of Roselle, and Lloyd E. Dyer, Jr.,
of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:
This is a *quo warranto* action filed in the circuit court of Du Page
County by plaintiff, the People of the State of Illinois upon the rela-
tion of James E. Ryan, State's Attorney for Du Page County, against
the village of Bartlett challenging the validity of the annexation by
the village of approximately nine acres of land known as the Prestige
Nursery. Plaintiff appeals the granting of summary judgment in favor
of the village of Bartlett.

On January 15, 1985, the village passed ordinance No. 85-3 which
purported to annex to the village certain property consisting of ap-
proximately nine acres of land occupied by the Prestige Nursery in
unincorporated Du Page County. The property lies to the southwest of
the village and south of Army Trail Road. To the north of the subject
property, across Army Trail Road, is an unincorporated area of Du
Page County. To the south and east of the site is property belonging
to the Du Page County Forest Preserve District. The Du Page County
Forest Preserve District property is immediately to the south of the
village property across Army Trail Road. The annexation also includes
portions of Army Trail Road and Smith Road. The above described

property is depicted on the map submitted to the trial court and set out below:

Plaintiff filed its *quo warranto* action contesting the annexation on the basis that the purposed annexation involved property not contiguous with the village's boundaries. Following the filing of an answer by the village, the plaintiff moved for summary judgment which was denied. The village then filed a motion for summary judgment and, in support thereof, also attached a certified copy of ordinance No. 85-88 which it passed on October 15, 1985. Ordinance No. 85-88 also annexed to the village the same Prestige Nursery property; however, this annexation was based on section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1), as amended by Public Act No. 84—815, effective September 22, 1985, which reads, in pertinent part, as follows:

> "Territory which is not contiguous to a municipality but is separated therefrom only by a forest preserve district may be annexed to the municipality pursuant to Sections 7—1—7 or 7—1—8, but the territory included within such forest preserve district shall not be annexed to the municipality nor shall the ter-

ritory of the forest preserve district be subject to rights-of-way for access or services between the parts of the municipality separated by the forest preserve district without the consent of the governing body of the forest preserve district." Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1.

In moving for summary judgment, the village asserted that the annexation was valid under either the original ordinance (No. 85-3) or the later ordinance (No. 85-88) based on the amendment to section 7—1—1. The trial court granted the village's motion for summary judgment without specifying the basis for its ruling.

On appeal, plaintiff contends that the annexation of the subject property is invalid under either ordinance. As we dispose of the appeal under the arguments advanced by the parties as to the second ordinance (No. 85-88), we need not consider the validity of the first ordinance (No. 85-3). Essentially, plaintiff maintains that considering the language of section 7—1—1, the forest preserve district is not the "only" territory that separates the annexing municipality, the village of Bartlett, from the property sought to be annexed, the Prestige Nursery. It argues that a large portion of unincorporated land of Du Page County lies between the village boundaries and the Prestige Nursery and that a part of Army Trail Road, a county highway, and a part of Smith Road, a township road, also lie between the village and the property sought to be annexed.

The village contends that the entire east boundary of the subject property is separated from the most southwesterly boundary of the village "only" by the forest preserve district, which lies directly to the south of the village. It further argues that the intent of the amendment to section 7—1—1 is clearly to permit annexation where a forest preserve district creates an artificial barrier which cannot be annexed and which prevents the orderly growth of a municipality in the direction of the intervening forest preserve district.

Prior to the amendment of section 7—1—1 of the Illinois Municipal Code in Public Act 84—815, effective September 22, 1985, territory not within the corporate limits of the municipality could not be annexed unless contiguous to the municipality except that it was considered contiguous if separated from the municipality by a railroad right-of-way or by a toll highway or connection between parcels via an overpass bridge over a toll highway. (Ill. Rev. Stat. 1983, ch. 24, par. 7—1—1.) Public Act 84—815 created two other exceptions to the contiguous requirement by adding, in paragraph one of section 7—1—1, a public utility right-of-way which separates the municipality from the territory sought to be annexed and inserting a new second paragraph

which allows a territory separated only by a forest preserve district to be annexed. See 84th Ill. Gen. Assem., House Proceedings, March 14, 1985, at 8.

As noted above, Prestige Nursery lies to the south and west of the village. Directly to the south of the village is the Du Page County Forest Preserve District which extends both south and west where it then borders the Prestige Nursery property. Only the Du Page County Forest Preserve District property lies between the eastern boundary of the Prestige Nursery property and the southern boundary of the village. We believe this situation is what the amendment to section 7— 1—1 was intended to cover. While plaintiff argues that the forest preserve district is not the "only" territory that separates the village and the Prestige Nursery property because there is not only unincorporated property directly to the north of the Prestige Nursery property, but also Army Trail Road to the north and Smith Road bisecting the territory, we do not find that interpretation of the statute logical. The word "only" as used in the amendment to section 7—1—1 was intended to mean that only a forest preserve district separates territory which is not contiguous to a municipality and not that *all* boundaries of both the territory to be annexed and the annexing municipality must be separated only by a forest preserve district. As the village points out, the only possible fact situation to which the amendment would apply under plaintiff's argument would be one where the entire territory to be annexed is surrounded by a forest preserve district which was wholly surrounded by a municipality.

It is a primary principle of statutory interpretation that statutes should, if possible, be construed so that no term is rendered superfluous or meaningless. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365, 487 N.E.2d 937.) A reviewing court should attempt to give effect to the intention of the legislature. (*People v. Beam* (1979), 74 Ill. 2d 240, 242, 384 N.E.2d 1315.) We conclude that under the facts in this record, the Prestige Nursery property, although not contiguous to the village, is separated on its eastern boundary from the village only by the forest preserve district and, therefore, may be validly annexed pursuant to section 7—1—1.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH, P.J., and HOPF, J., concur.