MATTHEW D. STROICK *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF WEST DUNDEE, Defendant-Appellee (Pulte Home Corporation, Intervenor-Appellee).

Second District    No. 2—00—0306

Opinion filed March 14, 2001.—Rehearing denied April 12, 2001.

Michael M. Roth and Barbara M. Prohaska, both of Wildman, Harrold, Allen & Dixon, of Lisle, for appellants.

John H. Brechin, of Addison, and Michael P. Padden, John J. D'Attomo, and Jamie M. Haberichter, all of Gardner, Carton & Douglas, of Chicago, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

This appeal arises from a dispute over the annexation and rezoning of a parcel of land located in unincorporated Kane County. Plaintiffs, Matthew Stroick and Glen De Costa, filed suit in an effort to block defendant, the Village of West Dundee (West Dundee), from annexing and rezoning the property, thereby preventing the development of the property by intervenor, Pulte Home Corporation (Pulte). Following a bench trial, the circuit court of Kane County entered judgment in favor of West Dundee and dismissed plaintiffs' first amended complaint with prejudice. Plaintiffs appeal from the trial court's order, arguing that (1) West Dundee may not annex the property under the "forest preserve exception" to the annexation statute, and (2) the trial court incorrectly determined that West Dundee legally rezoned the property.

The property at issue consists of 239 acres of unimproved land located east of Randall Road, south of Route 72, and west of Sleepy Hollow Road. It is contiguous to the Village of Sleepy Hollow (Sleepy Hollow) on the south and east sides and the City of Elgin on the west side. The property is separated from West Dundee by an approximately 130-acre parcel of land that the parties refer to as the Schweitzer property. Plaintiff Stroick resides in Sleepy Hollow, adjacent to the subject property. Plaintiff De Costa is a resident of West Dundee who lives about one-half mile from the subject property.

In April 1997, Pulte contracted to purchase the property from Galvin Partnership. The contract was conditioned upon West Dundee annexing and rezoning the property. Pulte planned to build homes on most of the property, and offices and commercial buildings on a portion of the property.

Late in May and early in June 1999, Galvin Partnership and Pulte filed petitions to annex and rezone the property. On May 14, 1999, West Dundee and Pulte published notice of a public hearing for the proposed rezoning in the Daily Herald newspaper. The notice did not correctly describe the property. The next day, a new notice was published, which contained two legal descriptions of the property. One of the descriptions was accurate, and the other one was the same inaccurate description that had been published the previous day. The new notice did not indicate which description was the correct one.

West Dundee also mailed notices of the public hearing to those persons who, according to the county tax collector's records, resided

within 250 feet of the property. When more than one name appeared on the tax collector's records for a particular property, West Dundee sent notice to only one of the named individuals. Thus, plaintiffs alleged, 70 individuals whose names were in the tax collector's records were not sent notice of the public hearing. Both plaintiffs attended and participated in the public hearing.

On July 1, 1999, West Dundee passed ordinances annexing and rezoning the property. West Dundee annexed the property pursuant to section 7—1—1 of the Illinois Municipal Code (65 ILCS 5/7—1—1 (West 1998)), which provided, in relevant part:

"Except in counties with a population of more than 500,000 but less than 3,000,000, territory which is not contiguous to a municipality but is separated therefrom only by a forest preserve district may be annexed to the municipality pursuant to Sections 7—1—7 or 7—1—8 ***." 65 ILCS 5/7—1—1 (West 1998).

Prior to the annexation and rezoning, plaintiffs filed a verified motion for a temporary restraining order and preliminary and permanent injunctions and a verified complaint seeking injunctive and declaratory relief. The trial court entered a temporary restraining order but, following a hearing, denied the motion for a preliminary injunction. After the annexation, plaintiffs filed an amended complaint that added an action against West Dundee in *quo warranto* and also sought declaratory and injunctive relief.

At trial, plaintiffs argued that West Dundee's annexation was invalid because the Schweitzer property, which separated the subject property from West Dundee, was not a "forest preserve district." Plaintiffs asserted that the Kane County Forest Preserve District (district) did not follow proper procedures for accepting conveyance of the Schweitzer property.

The evidence showed that Emily Schweitzer transferred title to the district by a quitclaim deed that was dated August 29, 1990, and recorded on September 19, 1990. The conveyance was subject to the reservation of a life estate for Schweitzer's benefit. The deed also incorporated certain perpetual conservation restrictions. In addition to the deed, Schweitzer and district president Phil Elfstrom signed a "Conservation and Preservation Agreement," which provided in part that the district could not possess or control the property while Schweitzer was still alive.

Schweitzer did not want anyone to know about the conveyance while she was alive. Accordingly, when the district's executive committee met, Elfstrom advised the committee of a large donation of land but did not identify the land or the donor. Because of the requirement that the conveyance remain secret, the committee did not vote on whether to accept the donation of the Schweitzer property.

The trial court also heard evidence on whether the district ever met with the mayors or village presidents of the surrounding communities regarding the acquisition of the Schweitzer property. Elfstrom testified that he had no recollection of doing so. The village presidents of Sleepy Hollow and Carpentersville and the village manager of West Dundee testified that they had no record or recollection of any such meeting. Steven Sullivan, the district's attorney, testified that he advised the district that it was required to meet with the corporate authorities of the municipalities within $1^1/_2$ miles of the Schweitzer property. Sullivan was not aware of any records of such meetings.

Plaintiffs also presented evidence regarding whether West Dundee would be able to provide utilities and sanitary and safety services to the subject property. Because plaintiffs have not appealed the court's findings on this issue, we dispense with a recitation of these facts.

At the close of the evidence, the trial court found that the district owned the Schweitzer property and that the Schweitzer property was the type of property normally held by a forest preserve district. The court further found that, although the district may not have followed all of the statutory requirements for accepting conveyance of the Schweitzer property, "it would be a disproportionate sanction to now nullify a donation of land made over nine years ago and in no other way illegally held." In addition, the court concluded that the notice of the rezoning was reasonably sufficient to reach those who should have been notified and to give those persons an opportunity to be heard. Accordingly, the court ruled that the annexation and rezoning were valid. The court entered judgment in favor of West Dundee and dismissed plaintiffs' first amended complaint with prejudice. We allowed plaintiffs to file a late notice of appeal.

■ We first address plaintiffs' contention that the trial court erred in ruling that West Dundee could annex the property pursuant to section 7—1—1 of the Illinois Municipal Code (65 ILCS 5/7—1—1 (West 1998)). They assert that the most recent amendment to section 7—1—1, which went into effect while this appeal was pending, applies retroactively and precludes West Dundee's annexation of the property. Defendants urge us to follow *People ex rel. the Village of Orland Hills v. Village of Orland Park*, 316 Ill. App. 3d 327 (2000), in which the Appellate Court, First District, held that the amendment could not be applied retroactively.

Prior to the most recent amendment, section 7—1—1 provided that "territory which is not contiguous to a municipality but is separated therefrom only by a forest preserve district may be annexed to the municipality pursuant to Sections 7—1—7 or 7—1—8." 65

ILCS 5/7—1—1 (West 1998). On June 13, 2000, Public Act 91—824 (Pub. Act 91—824, eff. June 13, 2000) went into effect, amending section 7—1—1. The amendment imposes the following limitations upon a municipality's ability to annex through forest preserve property:

"[T]erritory which is not contiguous to a municipality but is separated therefrom only by a forest preserve district may be annexed to the municipality pursuant to Sections 7—1—7 or 7—1—8, but only if the annexing municipality can show that the forest preserve district creates an artificial barrier preventing the annexation and that the location of the forest preserve district property prevents the orderly natural growth of the annexing municipality. It shall be conclusively presumed that the forest preserve district does not create an artificial barrier if the property sought to be annexed is bounded on at least 3 sides by (i) one or more other municipalities (other than the municipality seeking annexation through the existing forest preserve district), (ii) forest preserve district property, or (iii) a combination of other municipalities and forest preserve district property. It shall also be conclusively presumed that the forest preserve district does not create an artificial barrier if the municipality seeking annexation is not the closest municipality to the property to be annexed." Pub. Act 91—824, § 90—5, eff. June 13, 2000 (amending 65 ILCS 5/7—1—1 (West 1998)).

The amended statute further states that the changes to section 7—1—1 "are declaratory of existing law and shall not be construed as a new enactment." Pub. Act 91—824, § 90—5, eff. June 13, 2000.

In *Orland Hills*, both Orland Hills and Orland Park annexed the same property. Orland Hills sought to have its annexation declared valid and to void Orland Park's annexation of the property. The trial court found in favor of Orland Hills. While Orland Park's appeal was pending, the amendments to section 7—1—1 went into effect. Consequently, the trial court addressed whether the amended statute was in fact declaratory of existing law such that it should be applied retroactively. Our supreme court has held that "an amendment may be applied retroactively if its purpose is to clarify an existing law that is ambiguous, rather than to change the law." *In re Marriage of Cohn*, 93 Ill. 2d 190, 202 (1982). The legislature may not, however, retroactively change a statute to overrule a reviewing court's decision. *Cohn*, 93 Ill. 2d at 203. To do so would violate the separation of powers between the judicial and legislative branches of government. *Roth v. Yackley*, 77 Ill. 2d 423, 429 (1979).

In *Orland Hills*, the court concluded that the language of section 7—1—1 prior to the amendment was unambiguous and that the amendment changed the statute rather than clarified it. *Orland Hills*,

316 Ill. App. 3d at 336. In so holding, the court noted that this court's decision in *People ex rel. Ryan v. Village of Bartlett*, 151 Ill. App. 3d 533 (1986), is the only one that has addressed the "forest preserve exception" to the contiguity requirement contained in section 7—1—1.

In *Bartlett*, we held that the word "only," as used in the phrase " '[t]erritory which is not contiguous to a municipality but is separated therefrom only by a forest preserve district' " (151 Ill. App. 3d at 534, quoting Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1), was intended to mean "that only a forest preserve district separates territory which is not contiguous to a municipality and not that all boundaries of both the territory to be annexed and the annexing municipality must be separated only by a forest preserve district" (emphasis omitted) (*Bartlett*, 151 Ill. App. 3d at 536). In our discussion of this issue, we noted that the defendant village argued that the intent of section 7—1—1 was "to permit annexation where a forest preserve district creates an artificial barrier which cannot be annexed and which prevents the orderly growth of a municipality in the direction of the intervening forest preserve district." *Bartlett*, 151 Ill. App. 3d at 535.

The *Orland Hills* court concluded that *Bartlett* did not hold that a municipality was required to show that a forest preserve district created an artificial barrier or impeded the municipality's orderly growth in order to annex a noncontiguous piece of land. Rather, the reference to an artificial barrier and the prevention of orderly growth merely set forth the municipality's argument. *Orland Hills*, 316 Ill. App. 3d at 334. Accordingly, the *Orland Hills* court held that neither the "artificial barrier" and "prevention of orderly growth" requirements nor the conclusive presumptions set forth in the amendment reflected existing law. The court declared that the amendment violates the separation of powers to the extent it purports to be a clarification or declaration of existing law and, therefore, the amendment may only be applied prospectively. *Orland Hills*, 316 Ill. App. 3d at 336.

We agree with the court's reasoning in *Orland Hills*. We see no ambiguity in the language of section 7—1—1 as it existed before the amendment. Our holding in *Bartlett* was based on the plain language of the statute; it did not impose any extrastatutory requirements upon municipalities seeking to annex land under the "forest preserve exception." Further, we are aware of no other case that imposed such requirements.

Plaintiffs assert that, prior to the enactment of Public Act 91—824, the "artificial barrier" and "prevention of orderly growth" principles were reflected in the case law. Contrary to plaintiffs' assertion, none of the cases they cite discusses the concepts of "artificial barrier" or "prevention of orderly growth," much less holds that such

concepts are an inherent part of section 7—1—1. See *People ex rel. County of St. Clair v. City of Belleville*, 84 Ill. 2d 1 (1981); *In re Petition for Annexation of Certain Property to the Village of Plainfield*, 267 Ill. App. 3d 313 (1994); *In re Annexation of Certain Territory to the Village of Chatham*, 245 Ill. App. 3d 786 (1993). Each of these cases addressed whether a certain parcel of land was contiguous to the annexing municipality and stated the general proposition that the purpose of the contiguity requirement is to "permit the natural and gradual extension of municipal boundaries to areas which 'adjoin one another in a reasonably substantial physical sense.' " *County of St. Clair*, 84 Ill. 2d at 12, quoting *Western National Bank v. Village of Kildeer*, 19 Ill. 2d 342, 352 (1960). This pronouncement has no application in the case before us, where the subject property was annexed not because of its contiguity to West Dundee but because it was separated from West Dundee only by a forest preserve district. Thus, we cannot agree that Public Act 91—824 merely codified or clarified existing law.

■ Plaintiffs' next contention is that West Dundee could not legally annex the subject property, even under the preamended version of section 7—1—1, because the Schweitzer property was not a "forest preserve district." Plaintiffs assert that the district did not follow the procedures required to accept conveyance of the Schweitzer property. West Dundee asserts that plaintiffs may not challenge the district's actions at this point, some 10 years after the conveyance, because plaintiffs did not bring a *quo warranto* action against the district and the statute of limitations for such an action has expired.

We agree that plaintiffs' attempt to use their *quo warranto* action against West Dundee to collaterally attack the actions of the district is improper. While plaintiffs maintain that they do not intend to divest the district of ownership of the property, they argue that the district's acquisition of the Schweitzer property was invalid due to procedural defects. This is a collateral attack on the district's acquisition. See *Flynn v. Stevenson*, 4 Ill. App. 3d 458, 460 (1972). The remedy for such a claim would lie in a *quo warranto* action against the district. See *Flynn*, 4 Ill. App. 3d at 461-62. As West Dundee points out, the three-year statute of limitations for bringing a *quo warranto* action (735 ILCS 5/18—105 (West 1998)) against the district has expired.

Plaintiffs assert that, as taxpayers, they may contest the district's acquisition of the Schweitzer property under *Egidi v. Town of Libertyville*, 218 Ill. App. 3d 596 (1991). We disagree. In *Egidi*, the issue was whether a taxpayer had standing to challenge Libertyville's purchase of land with public funds. We noted that a taxpayer has the right to bring suit based on the misappropriation of public funds. *Egidi*, 218 Ill. App. 3d at 601. In the case before us, the district

acquired the Schweitzer property by gift, not with public funds. We fail to see how plaintiffs could file a taxpayer's suit against the district under these circumstances. Further, in *Egidi* defendant Libertyville was the entity that acquired the property in dispute. Here, plaintiffs are seeking to challenge the acquisition of property by an entity that is not a party to the litigation. *Egidi* in no way authorizes such an approach. Accordingly, plaintiffs' claims based on purported procedural defects in the district's acquisition of the Schweitzer property were improper and should not have been considered.

Plaintiffs also contend that the district did not acquire a sufficient interest in the Schweitzer property to convert it to a "forest preserve district." According to plaintiffs, the district did not own the Schweitzer property for annexation purposes because Emily Schweitzer retained possession and control over the property during her lifetime. Plaintiffs have cited no authority in support of their contention that the reservation of a life estate by a donor negates the donee's ownership interest in the property. Accordingly, we will not consider this argument. See *Eckiss v. McVaigh*, 261 Ill. App. 3d 778, 786 (1994) ("Contentions supported by some argument but absolutely no authority do not meet the requirements of Supreme Court Rule 341(e)(7) [(134 Ill. 2d R. 341(e)(7))]").

■ Last, plaintiffs challenge the validity of West Dundee's rezoning of the subject property. They contend that West Dundee did not publish proper notice of the public hearing and did not mail notice of the public hearing to all persons residing within 250 feet of the subject property as required by ordinance. West Dundee responds that, under *Kleidon v. City of Hickory Hills*, 120 Ill. App. 3d 1043, 1048-49 (1983), plaintiffs cannot raise any defects in the notice of public hearing because they had actual notice of the hearing, did not object to the notice at the hearing, and did not suffer any prejudice from the allegedly defective notice. The record reveals that both plaintiffs attended and participated in the public hearing. Plaintiffs have not demonstrated that they were prejudiced by the errors in publishing the notice in the newspaper or mailing notices to individual residents, nor have they addressed *Kleidon*. Therefore, we conclude that they cannot raise allegedly defective notice as a ground for invalidating the rezoning.

For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

HUTCHINSON, P.J., and GEIGER, J., concur.